OPINION of the Cohrt, by
Judge Ow.suey.
This wasan indictment found by the grand jury against the defendant in error, for suffering gaming in a house of which he is charged to have been possessed. The court below, on the motion of the defendant, quashed the indictment, and the correctness of that decision is now pre-seated for the determination of this court by writ of error. Two questions occur as proper for consideration —1st, Is the offence charged indictable; and if it is, does the indictment set it forth with sufficient certainty and precision ?
As to the first question, it may be observed the offence was not punishable at common law, but was made penal by the act of 1799, “ more effectually to suppress the practice of gambling and duelling” — 2 Littc-11 294. The second section of that act, among other things, provides, “ that any person who shall suffer any game whatever, at which any money or property is won or lost, to be played in his or her house, or in a house of which he or she hath at that time the use or possession, shall for every such offence forfeit and pay the sum of one hundred dollars, to be recovered in any court having competent jurisdiction thereof, by any person suing for the same,” «fee.
*262 Were tin's section to be construed according to the rides of the common law, without regard to any other statutory provision, as it makes an offence not prohibited by the common law, and appoints a particular proceeding by suit against the offender, it would not be denied but what the remedy provided by the statute, and not that of an indictment, should be pursued ; but by the act of 1796 concerning the examination and trial of criminals, (1 Littell 471) a different construction is made to prevail. The 25th section of that act expressly requires “ every grand jury to present all offences made penal by the laws of this commonwealth, although the recovery of the fines shall be otherwise directed by the law imposing the same.” If the construction of the act of 1799, creating the offence charged in the indictment, is controled by the section just mentioned, there can be no question hut according to its plain and obvious import, the proceeding by indictment is maintainable.
That it should be. so controled we have no doubt; for whether the natural meaning of the words used, or the mischief which must have been intended to be remedied is consulted, it is equally clear the act of 1796 was designed by its makers to apply as well to proceedings for of-fences made penal after, as before its passage.
With respect to the question whether the indictment states the charge with sufficient precision, it maybeob-served, the offence is brought within the words of the act, with the necessary allegations as to time and place.
It is true, the Christian name of one of those who are charged to have been engaged in the games suffered by the defendant to be played, is not stated in the indictment ; but as the offence consists in suffering gaming in the defendant’s house, we suppose the names of those engaged in play were not necessary to be set forth, either as matter of description, or as of the essence of the charge; and consequently the circumstance of the Christian name of one of them being left blank, if it had been filled up, would have been merely surplusage and cannot vitiate the indictment.
The court below therefore erred in quashing the indictment. The judgment must be reversed with costs, the cause remanded to that court, and new proceedings, had consistent with this opinion.