Nov. Term, 1833.

THE STATE
v.
DOLE.

---

## THE STATE v. DOLE.

In an indictment for permitting gaming in a licensed grocery, it is not necessary to set forth the name of the game that was played.

*Thursday, November 28.*

ERROR to the *Vermillion* Circuit Court.

M'KINNEY, J.—Indictment for suffering gaming in a licensed grocery. The indictment was quashed by the Circuit Court, because the particular game suffered and permitted to be played in the grocery, was not stated.

The penalties imposed, by the 65th section of the act relative to crimes and punishments, upon a tavern-keeper, or retailer of spirituous liquors, &c., are incurred by suffering a game to be played by which money, or any article of value, is lost or won, and not by suffering a particular game to be played, since all games for such purposes appear to be equally prohibited. In the cases of The Commonwealth v. *Lampton*, 4 Bibb, 261,—*Inglish* v. The Commonwealth, Litt. Sel. Cas. 417,—and *Montee* v. The Commonwealth, 3 J. J. Marshall, 133, it has been decided, upon a statute with similar provisions, that the

offence is consummated by suffering a game to be played, and that it is therefore not necessary to state the names of the persons engaged in the games.   We think, that if the names of the persons playing be not necessary to be stated, it is unnecessary to state the particular game.   We are therefore of opinion, that the indictment is sufficient, and that the Court erred in quashing it.

Per Curiam.—The judgment is reversed with costs.   Cause remanded, &c.

W. Herod, for the state.

J. Whitcomb, for the defendant.