Chief Justice Robertson
delivered the Opinion of the Court.
The only question in this case, is,-whether the Circuit Court erred in sustaining a demurrer to an indictment charging that defendant, on a specified day, “did “ keep a gambling house — wherein divers unlawful games “ at car^s were plaUed and permitted — and on which games, “money and property was won and lost.”
^ man may ^e the keeper of a gambling house without owning or possessing it, or having such dominion over it ag be necessary for subjecting him, under the statute of 1799, to the penalty therein denounced against any Person f°r permitting unlawful gaming in his house, or in a house of which he is, at the time of the gaming, actually possessed.
But the subsequent enactment of 1833 is more comPrehensive and explicit than that of 1799, and includes expressly any “superintendent” of a house. And there-f°re’ as a man cannot “keep a gambling house,” without being, at least, the “superintendent” of the house so kept, it seems to us that an indictment charging a person with keeping a gambling house — though unusual and indeterminate — is, so far,, sufficient under the- statute OÍ1833.
B is not necessary to specify the sum or value lost and won, or to designate the winner or loser by name or other personal description. And “unlawful games at cards” is a sufficient specification of the kind of games which were permitted.
But the indictment does not charge or necessarily imply, that the defendant “permitted” the games to be played. In this particular, the charge is, that “games at cards were played and permitted" — permitted by whom? The *467 defendant may not have been in or near the house at the time, or have had any knowledge of the gambling, and the permission may have been given by some other person, or it may not have been given by the defendant, notwithstanding every thing in the indictment be admitted to be true. We may add, that “keeping a gambling house” — is not a specific offence under any statute.
We are, therefore, of the opinion, that there is no error in the judgment of the Circuit Court, sustaining the demurrer to the indictment.
Judgment affirmed.