## THE STATE *versus* BROWN.

In a prosecution for selling intoxicating drinks, it is no defence that the liquor was sold and used, solely for *medicinal* purposes, if the defendant had no license.

The exception, in the first section of the Act to restrict the sale of intoxicating drinks, is sufficiently negatived by an averment that the liquor was not imported into the United States from any foreign port or place.

EXCEPTIONS from the District Court, RICE, J.

This was a complaint for violating the " Act to restrict the sale of intoxicating drinks," alleging, that the defendant " sold to one Mrs. Brown a certain quantity of spirituous liquor, to wit, one pint of New England rum, the same not being wine or spirituous liquors, imported into the United States from any foreign port or place.

The evidence was, *that* a child of two or three years of age had met an accident; *that* a regularly practising physician had prescribed the application of rum to the injured part; *that* its mother, Mrs. Brown, bought the rum for that purpose; *that* none of it was drunk; and *that* no person in the town had license to sell for medical purposes. The Judge instructed the jury that, if the evidence was believed, the charge

against the defendant was established. Verdict for the State. Exceptions by the defendant.

*Bronson,* for defendant.

The complaint is insufficient : — First, because it does not negative the exceptions contained in the first and in the twenty-fourth sections of the Act : —

Secondly, — Because the christian name of Mrs. Brown, to whom the liquor was sold, is not given. A conviction in this case would not bar another prosecution for the same act.

The meaning and the title of the Act is to restrict sales for drink. The Act is penal, and should receive a liberal construction for the accused. This sale was for medicinal purposes, under the order of a respectable physician. The ruling was in effect, that the intent was not to be taken into the account.

*Vose,* for the State.

HOWARD, J., orally. — We consider the exceptions in the first section of the Act to be sufficiently negatived in the complaint. The provisions of the twenty-fourth section have no application. The name of Mrs. Brown might not have been known to the complainant. A conviction here would bar another complaint for the same offence.

The liquor was sold for a medical purpose. It might be indiscreet to prosecute, but the defendant had no right to sell, whether for medicine, or for drinking or for any other purpose.

*Exceptions overruled.*