## CLARK vs. THE STATE.

1. In an indictment for permitting a gaming table to be exhibited and carried on in a house occupied by the defendant, it is not necessary to aver that the defendant does not come within the proviso of the statute.—Clay's Dig. 434, § 16.

2. When a new offence is created by statute, an indictment which describes the offence in the language of the statute is sufficient.

3. An indictment under the statute against permitting gaming tables to be exhibited, need not allege the name of the person by whom the table was exhibited, nor that his name is unknown.

ERROR to the Circuit Court of Montgomery. Tried before the Hon. John D. Phelan.

WATTS, JUDGE & JACKSON, for plaintiff in error:

1. The indictment in this case is framed under the 16th section of the 6th chapter of the Penal Code, (Clay's Dig. 434) and is defective and insufficient in not setting forth the facts and circumstances constituting the offence.

2. In framing an indictment under a statute it is not always sufficient to pursue the very words of the statute, unless, by so doing, the fact in the doing or not doing of which the offence consists, be fully, directly and expressly alleged, without uncertainty or ambiguity.—Turnipseed v. State, 6 Ala. 664; State v. Brown, 4 Por. 410; Williams v. State, 15 Ala. 259; Beasly v. State, decided at the last term, and Nugent v. State, decided at the present term.

3. In prosecutions against persons for gaming, or for keeping or exhibiting gaming tables, we have remedial statutes, stating what shall be sufficient for the indictments to charge.—Clay's Dig. 433, § 11, 15. But there is no remedial statute applicable to prosecutions for knowingly permitting gaming tables or banks to be exhibited and carried on in one's house or premises. Consequently an indictment for such offence should be framed according to the rules of criminal pleading at the common law.

4. The indictment in this case is fatally defective in not charging that the faro bank was kept or exhibited by some person or persons, and the name or names of the person or persons, if known, should have been stated, and if unknown it should have

been so stated.—Ball v. State, 7 Black. 242; Butler v. State, 5 Blackf. 280; State v. Irvin, ib. 343, and State v. Davis, 7 Ohio 204, which is precisely in point.

5. Every fact stated in the indictment may be true, and yet the defendant be legally not guilty. For aught this court can know, a faro bank may be exhibited or carried on in a different mode and sense from that prohibited by the statute. It is not charged to have been exhibited and carried on for gaming, and that is what was intended to be prohibited by the statute. And no person being charged to have exhibited and carried it on, it may have been done by a slave, and if so, no indictment for it would lie.—Clay's Dig. 445, § 42.

6. The indictment is bad for another reason. It does not negative the proviso contained in the section creating the offence.— Clay's Dig. 434, § 16. True, the proviso is not in the same clause which creates the offence, but it is in the same section, and is incorporated in the enacting clause "by words of reference."—Arch. Cr. Pl. 49, 52.

ATTORNEY GENERAL, for the State:

1. The demurrer to the first count in the indictment was properly overruled. The offence is set out in the words of the statute, (Clay's Dig. 433-4, § 12 and 16) and the indictment contains every averment necessary to be made.—Com. v. Maddox, 2 Vir. Cas. 19; Com. v. Lampton, 4 Bibb 262; Com. v. Crupper, 3 Dana, 466; Com. v. English, Lit. Sel. Cas. 417; Montee v. Com. 3 J. J. Marsh. 133; State v. Dale, 3 Blackf. 294; State v. Bougher, ib. 307; State v. Weaks, 7 Humph. 522; Covy v. State, 4 Por. 186; State v. Mitchell, 6 Mo. 147; State v. Whitworth, 8 Por. 440; 1 Russ. on Crimes, 299-300, in note.

2. The proviso in the 16th section, (Clay's Dig. 434) is not descriptive of the offence, and is matter of defence, and need not be negatived in the indictment.—See the correct rule laid down in Arch. 52; 2 Hawk. Ch. 25, § 113; 1 Chitty Cr. Law, 284; 2 Strange 1101; 1 Lord Raymond, 120; 1 East 647, note; 1 Chitty Pl. 229; 2 Pick. R. 141; 2 Nott & McCord, 365; 18 Verm. 197; 17 ib. 149; 1 John. 513; 3 ib. 438; 4 ib. 304.

COLEMAN, J.—The indictment in this case charges that "the defendant, being the occupant of a certain house at the

race track, near the city of Montgomery, in said county, did' then and there unlawfully and knowingly permit and suffer a certain gaming table, called a faro bank, to be exhibited and carried on in said house, by him the said John Clarke, so occupied as aforesaid."

The indictment is founded on the 16th section, chap. 6th, of the Penal Code, in these words : "If any owner or occupant of any house, out house, or other building, booth or tent, shall knowingly permit, or suffer any of the tables, or banks, particularly or generally described as aforesaid, to be carried on or exhibited in his house, out house, or building, booth or tent, and be thereof convicted, he shall be fined in a sum not exceeding two thousand dollars : *Provided*, always, that if any owner or occupant of any house, out house, or other building, booth or tent, shall give information to any judge or justice of the peace of the proper county, against any person keeping, exhibiting, or concerned or interested in said table or bank, within six days after the same comes to his knowledge, he or they, so informing, shall not be liable to the penalties of this section.

That part of the act above referred to, which describes the banks or tables, is in these words : "If any person shall hereafter be guilty of keeping or exhibiting any gaming table, called A B C, or E O, or Roulette, or Rowley Powley, or Rouge et Noir, or Thimbles, sometimes called Three Ticket Lottery, or Chuckerluck, or Faro Bank," &c.

1. It is contended that the indictment is defective because it does not negative the proviso contained in the statute creating the offence. The rule on this subject is, that if there be any exception contained in the same clause of the act which creates the offence, the indictment must show negatively that the defendant does not come within the exception.—Arch. 52. But where the act contains provisoes and exceptions in distinct clauses, it is not necessary to state in the indictment that the defendant does not come within the exception, or to negative the proviso it contains.—1 Chitty's Cr. L. 283. Nor is it even necessary to allege that the defendant is not within the benefit of its provisoes, though the purview should expressly notice them, as by saying that none shall do the act prohibited, except in the cases hereinafter excepted ; (Hawk. b. 2, c. 25, § 113,) for all these are matters of defence, which the prosecutor need not anticipate, but

which the prisoner must prove.—2 Burr. 1037 ; 5 T. R. 83. In an indictment against the receiver of stolen goods on the statute of Ann, whereby he is made liable, if the principal is not taken, it is not necessary to aver that the principal is not taken ; or on the statute 22 George III, to state that the principal has not been convicted.—2 Lord Raymond, 1378 ; 5 T. R. 83 ; 2 Leach 578. We think it clear in this case, that the proviso is not in the same clause which enacts the offence, and under the authorities cited the matter of defence in the proviso was such as the prisoner must prove.

2. It is contended that the indictment is defective in not setting forth the facts and circumstances constituting the offence, and particularly in not stating that the faro bank was kept or exhibited by some person, and that the name of the person should have been stated if known, and if unknown it should have been so stated.

It has been repeatedly held by this court, that where a statute creates a new offence, all the law requires is a description of the offence in the indictment in the terms of the statute enacting it. —State v. Duncan, 9 Por. 260; State v. Briley, 8 ib. 474; State v. Click, 2 Ala. 26. As an exception to this general rule it was held that it is not always sufficient to pursue the very words of the statute, unless by so doing you fully, directly and expressly allege the facts, in the doing or not doing of which the offence consists.—State v. Brown, 4 Por. 413. There seems to be some conflict in the decisions on the question whether the indictment should state the name of the person exhibiting the gaming table, &c. In Ball v. State, (7 Blackf. 242,) it was held that an indictment against a person for suffering gaming in his grocery, should give the names of the persons who played, or state their names to be unknown. The court, in giving this opinion, refer to two decisions to support it, Butler v. State, 5 Blackf. 280, and the State v. Irvin, ib. 343. We find, on examining these cases, that they were on indictments for gaming, and not for permitting gaming to be carried on in a house, &c. In the case of State v. Dale, (3 Blackf. 294,) it was held that in an indictment for permitting gaming in a licensed grocery, it is not necessary to set forth the game that was played. In the Commonwealth v. Lampton, (4 Bibb 261) it was held that on an indictment for suffering gaming in defendant's house, it was not

necessary to set forth the names of those engaged in the gaming. The same principle was established in English v. Commonwealth, (Lit. Sel. Cases, 417.) In Commonwealth v. Crupper, (3 Dana, 466,) it was decided on a charge for keeping a gambling house, that the indictment will be good without specifying the sum that was lost and won, and by whom it was lost and won. The same rule was fully affirmed in Montee v. Commonwealth, (3 J. J. Marshall, 133.) In England, in an indictment for keeping a common gaming house, it has never been held necessary to state the names of the persons gaming.—Arch. 753, and the numerous cases there cited. In Rex v. Taylor, 3 B. & C. 502, Holroyd, J.; said that it would be sufficient merely to have alleged that the defendant kept a common gaming house.

In this case, the charge in the indictment that defendant suffered a gaming table, called a faro bank, to be carried on and exhibited, &c., necessarily, and according to the plain meaning of the words, implied that it was exhibited by some person for gaming. The specific table, to wit, a faro bank, is stated in the indictment, and if a further description were required, it might be well asked, where ought the description to stop. Must a particular description of the table, and that money was won and lost thereon on the turning of cards, be given to show that it was a faro bank?

We have already seen that, according to the great weight of authorities, it was unnecessary to state the name of the person exhibiting the gaming table.

Let the judgment be affirmed.