WILLIAM C. SPARKS v. EDWARD H. STOKES, TREASURER OF THE CITY OF MILLVILLE.

1. The common council of the city of Millville has power to regulate the sale of spirituous liquors by druggists.
2. The removal of the section, formerly section thirty-seven of the inn and tavern act, to the crimes act, section sixty, does not operate to make this section provide the only method of punishing violations of the illegal sale of spirituous liquors in Millville.
3. An allegation stating the sale of ardent spirits is sufficiently definite in proceedings to enforce these ordinances.

4. Where there is no objection taken at the trial to the manner of proving an ordinance, and the magistrate certifies that the ordinance was proved, there is no ground for objection on *certiorari* that the ordinance was not properly proved.

5. The intent manifested by the passage of the ordinance was to restrict the unlicensed sale of spirituous liquors for all purposes.

6. Where a sale for medicine is not within the ordinance, it is still a question of fact whether the sale was one made in good faith for medicinal purposes, and if no erroneous principle of law is ruled, and there is evidence from which the magistrate might have found that the sale was not *bona fide*, there is no ground for reversal.

This *certiorari* brings up a certain judgment in favor of the treasurer of Millville, against one William C. Sparks, for the amount of the penalty of $20 due for the violation of an ordinance of the city of Millville. The section of the ordinance, a violation of which was the ground of this action, is the first section of amended ordinances number fifteen—"That if any person or persons keeping any hotel or restaurant, shop, or other place of public resort, shall, without a license so to do, first had and obtained, to sell or otherwise dispose of, either directly or indirectly, or cause to be sold or disposed of in less quantities than five gallons, on his premises, any wine, rum, gin, brandy, or other ardent spirits, or shall expose the same for sale on his premises, within the corporate limits of the city of Millville, such person or persons, on conviction thereof before the mayor or any justice of the peace, shall forfeit and pay for every such offence the sum of $20, with costs of suit, recoverable in an action of debt in the name of the treasurer of the said city."

The power to pass such an ordinance is alleged to exist under section seventeen of the charter of Millville. *Laws of 1866, p.* 123. This gives the mayor and common council the right to license any innkeeper and retailer of spirituous liquors, residing in said city, in the like manner and on the same conditions as may be done by the Court of Common Pleas.

The power to regulate the penalty for the sale of liquor without such license is in section eighteen of the charter.

Sparks v. Stokes.

The power to provide for the enforcement of ordinances is contained in the concluding clauses of section ten of the charter.

Argued at June Term, 1878, before Justices VAN SYCKEL, DIXON and REED.

For the prosecutor, *James J. Reeves.*

For the defendant, *James H. Nixon.*

The opinion of the court was delivered by

REED, J.   The party, who admits that he sold spirituous liquor within the limits of the city of Millville, on the 24th of December, 1877, is a druggist carrying on his business there.   The party purchasing produced a prescription from a physician, and the liquor was furnished to him.

The counsel for the prosecutor, in his first reason, insists that no power is given by the charter of the city of Millville to pass an ordinance restraining a druggist from selling, on prescription, spirituous liquors.   This is urged, not upon the ground that the legislature could not have conferred this power upon the common council, but upon the ground that the charter, as it is framed, does not contain this power.

The contention is, that the power granted is to license " inn-keepers and retailers of spirituous liquors," and that description does not include druggists.   But the moment a druggist vends such liquor under five gallons in that city, he at once obviously becomes a retailer, in the same manner that any other person acquires that character, who retails.

The following section provides that it shall not be lawful for any person to sell, &c., without license.   I have no doubt that the power conferred is broad enough to cover this ordinance.

It is quite clear that the mayor and common council had in mind this class of merchants when they passed this amended ordinance.

The ordinance of which it was an amendment had an exception to the general restraining clause controlling the vending of liquors, excepting from its operation such liquors as shall be compounded and intended to be used as a medicine. The amendment deliberately cut out this exception, with the obvious design to place the sale of liquor, for all purposes, under the control of the licensing power of the common council.

Nor is there any force in the contention that section sixty of the crimes act is still in force, and that it provides the only method of punishing the act of selling liquor without license. It is only necessary to remark that the section now in the crimes act is not operative within the city of Millville. That section was, until the revision, a part of the act concerning inns and taverns.

By an act of 1874, (*Laws of* 1874, *p.* 93,) it was enacted that none of the provisions of the inn and tavern act should apply to cities whose ordinances provided for the unlicensed sale of spirituous liquors. At the time of the passage of this act, the legislature obviously meant the inn and tavern act with section thirty-seven still there.

The act was in force in that shape until January 1st, 1875.

It is next said that the demand alleges the sale of ardent spirits, and that this is not a sufficiently definite statement of the kind of liquor sold. In support of this view we are referred to the case of *State* v. *Fox,* 1 *Harr.* 152.

It was held in that case that such a statement in an indictment, found under the inn and tavern act, was insufficient. This rule was changed by the legislature, (*Laws of* 1838, *p.* 241,) and rule established that such a change was sufficient. The act applies only to pleading in indictments, but the scope of the act is as broad as the operation of the rule in the decided case. As a precedent, therefore, it is of no force beyond the convincing influence of its argument.

I think the rule stated in it is too strict. Ardent spirits it is possible to distinguish. A charge that a party has sold ardent spirits is sufficiently certain to afford any person an

opportunity to make an intelligent defence. The detection of each of the varieties of ardent spirits as now compounded or manufactured would baffle the skill of an expert. I think the legislative rule a wholesome and proper one in itself, and that its adoption is further desirable from the fact that it produces uniformity in the pleadings in proceedings of all kinds for enforcing the licensing acts.

There will be one rule whether the proceeding is by indictment, information or action.

It is next urged that there was no proof upon the trial that the ordinance in question was ever passed or went into effect. The justice, however, certifies that the ordinance was proved. No objection seems to have been taken to the manner of proof, nor is there any certificate of the manner of proving it. The certificate of the justice, as it appears, is sufficient evidence of the fact that the ordinance was proved properly.

It is also urged, as the main contention in the case, that the ordinance as it stands does not interdict the sale of liquor as a medicine, upon prescription. It is insisted that the spirit of this ordinance, as of all excise laws, is to control and regulate the vending of spirituous liquors as a beverage, not as a medicine. It is said that the necessities of sickness may be so urgent as to override the letter of the act, and a sale for such purposes be without the intent of the legislation. That it was the intention of the city council in this instance, by the passage of this ordinance, to require a license to sell for medicine as well as for beverages, is already displayed by a comparison between the original and the amended ordinance.

Without such evidence of intent, but taking the ordinance as it stands, the decided weight of authority is that there can be no such exception engrafted upon it as the counsel for the prosecutor claims. *State* v. *Brown*, 31 *Maine* 522 ; *People* v. *Safford*, 5 *Denio* 112 ; *Commonwealth* v. *Sloan*, 4 *Cush.* 52.

But if such an exception could be permitted, namely, that a *bona fide* sale of liquor as a medicine was without the meaning of the statute, I do not think it would aid the prosecutor.

The question of good faith must always be a question of

fact for the magistrate. No intimation has ever gone so far as that the mere pretended sale for such a purpose is a defence, or that having a prescription is conclusive as to the intent of the vendor.

A prescription for a gallon, or a half dozen prescriptions a day to the same party, would be obviously a bald evasion of the statute. The character of the man who prescribes, the health and habits of the man for whom the prescription is given, and other circumstances, are guides which would justify the judicial officer in ignoring the exception, because the sale was one not made in good faith. Now it does not appear what view of the law the justice of the peace in the present instance held upon this point. All the evidence of the defendant was admitted as to the manner of the sale.

No ruling of the justice was demanded upon the question whether a *bona fide* sale for medicine, upon prescription, was a defence. No offer to prove this was made, and a ruling requested. The justice simply entered judgment for the plaintiff upon the case as it stood, which is, in this proceeding, the case certified to us.

Upon this evidence I think the justice could have found that the sale of this liquor was not made under such circumstances as to impress the vendor that its use was to be medicinal.

The prescription was not produced at the trial. He did not know whether he took it from the purchaser. He did not know whether it was on his files. The physician gave it without asking a word about the party's health. He was merely asked for a prescription for liquor. From all the circumstances, I think there is no error upon this point.

The point that this ordinance restrains trade and creates a monopoly, has been too frequently exploded to be seriously discussed. The right to exercise the police power with which the state is invested, is the authority under which this class of legislation is sustained.

The justice acted properly in refusing to allow a jury. That in this trial the magistrate did not sit as justice of the

Sparks v. Stokes.

peace, but as a magistrate of the city adjudicating complaints, for violations of city ordinances, and also that the defendant was not entitled to a jury trial, is the result of the ruling in *McGear* v. *Woodruff*, 4 *Vroom* 213.

The complaint states the amount sold to be less than five gallons, and in this respect is sufficient.