## Woods v. The State.

LIQUOR: *Druggists can not sell without license.*
   Druggists are not allowed to sell liquor without a license from the county court—not, even, as medicine, upon the prescription of a physician.

APPEAL from *Sebastian* Circuit Court.
Hon. J. H. ROGERS, Circuit Judge.

*M. H. Sandells,* for appellants:

To prohibit the sale of liquor "for any purpose whatever" is an infringement of natural right. In this case it was sold strictly as a medicine, on a physician's prescription. Laws prohibiting the sale are sustained only as police laws. *Cooley's Const. Law, p.* 727; 27 *Vt.,* 328; 13 *N. H.,* 536; 7 *Vroom,* 72; 33 *Vt.,* 656; 5 *Howard,* 504; 4 *Greene,* 172; 25 *Con.,* 290; 3 *Mich.,* 330; 14 *Ill.,* 196; 13 *Gray,* 26; *Whittington, Ex Parte, 34 Ark., 394.* The law is to prevent the use of liquor as a beverage. 33 *Vermont,* 656; 27 *Ark.,* 440.

*Henderson, Attorney General, contra.*

HARRISON, J.   N. D. Woods was convicted upon an indictment for selling whisky without license, and fined two hundred dollars.   He moved for a new trial, upon the ground that the conviction was not warranted by the evidence, and his motion being overruled, he excepted and appealed.

The case was tried, by consent, by the court, upon the following agreed statement of facts:  The defendant, a druggist at Salem City, in the Greenwood district of Sebastian county, on the fifteenth day of March, 1880, sold, as medicine, and upon the prescription of a practicing physician of said town, to one T. C. Miller, a half pint of whisky; that the same was bought for and used as medicine; that whisky is often prescribed by physicians, and used with beneficial effect in the treatment of disease; and that the defendant did not have a license from the county court to sell liquors.

The first section of the act of March 8, 1879, regulating the liquor traffic, reads as follows: " That it shall not hereafter be lawful for any person to sell any ardent, vinous, malt or fermented liquors in this state, or any compound or preparation thereof, commonly called tonics, bitters or medicated liquors, in any quantity, or for any purpose whatsoever, without first procuring a license from the county court of the county in which such sale is to be made, authorizing such person to exercise such privilege; *provided*, manufacturers of ardent, vinous, malt or fermented liquors can sell in original packages without license ; *provided, further*, that said original packages shall not contain less than five gallons."

No saving, it is seen, is made as to sales by druggists, or for medicinal or any other purpose, but the sale for any purpose whatever is explicitly prohibited.

The power of the legislature, in the exercise of the police authority of the state, to regulate the sale of liquors, has been too well settled by the courts of the country to be now called in question. *Whittington, ex parte, 34 Ark., 394; Metropolitan Board v. Barrie, 34 N. Y., 657; Maron v. Lancaster, 4 Bush., 406; Keller v. The State, 11 Md., 525; Perdue v. Ellis, 18 Ga., 586; Dorman v. The State, 34 Ala., 216; Bancroft v. Dumas, 21 Vt., 456; Goddard v. Jacksonville, 15 Ill., 588; The State v. Allmond, 2 Houst., 612; Commonwealth v. Intoxicating Liquors, 115 Mass., 153; License Cases, 5 How., 504; Cooley's Con. Lim., 725.*

The method and means of such regulation must be referred to the wisdom and discretion of the legislature; and we must suppose that in framing the act the defendant has been convicted of violating, it took into consideration and had proper and due regard to the claims of humanity and the actual wants and real necessities of the people.

It is not at all probable that the purchaser of the whisky in this case could not have procured it from some licensed dealer, and that any actual suffering, or anything more than mere inconvenience, if that, could have occurred from the defendant's refusal to sell it to him.

The end intended by the act is the preservation of society from the manifold evils and afflictions—the intemperance, disease, poverty and crime, which directly result from the sale of intoxicating liquors.

If individual cases of inconvenience, or even hardship, are occasioned by the act, it should be borne in mind, that regard be had for the public welfare, is the highest law.

Affirmed.