# Carson *v.* The State.

*Indictment for Selling Liquors contrary to Local Statute.*

1. *Constitutional law; section 2 of Art. 4 of Constitution of 1875 construed.*—The constitutional provision requiring that each law shall contain but one subject, which shall be clearly expressed in its title (Con. 1875, § 2, Art. 4), is intended to prohibit the legislature from introducing into the body of an act such foreign or incongruous matters as are not reasonably comprehended within the title; but not from embodying in an act various details relating to one general subject, which is so expressed in the title as not to mislead or deceive.

2. *Same; when act not violative thereof.*—The act entitled "An act to prohibit the sale or otherwise disposing of spirituous, vinous or malt liquors within one mile of the court house in the town of Ashville, in St. Clair county," approved February 1st, 1871, (Pamph. Acts, 1870-1, p. 189), which, in the body thereof, prohibits the selling, giving or deliver-

[Carson v. The State.]

ing of "spirituous, vinous or malt liquors, ale, lager beer, or intoxicating bitters, in quantities less than forty gallons" within the territory designated in the title, and which contains two provisos excepting certain cases from its operation, is not violative of the constitutional provision requiring that each law shall contain but one subject, which shall be clearly expressed in its title.

3. *Local statute; public in its nature; how pleaded.*—Such statute, though local in its nature, extends to all persons who might come within the territory described, and is a public statute, of which the courts are required to take judicial notice without being pleaded; and an indictment charging a violation thereof is sufficient, which refers to it by its general tenor, and further describes it by the date of its approval.

4. *Indictment; exceptions created by a proviso to an act need not be negatived.*—Where an exception is incorporated into the enacting clause of a statute, the indictment must show, by proper averment, that the defendant did not come within the operation of the exception; but where such exception is created by a proviso to the act, it is a matter of defense for the defendant to show that he did come within the exception, and this defense need not be anticipated by averment in the indictment.

5. *Intoxicating liquors; when witness may give his opinion as to the intoxicating properties of.*—In a prosecution for selling intoxicating liquors in violation of law, it is competent for a witness, who is shown to have had such an opportunity of personal observation or of experience as to enable him to form a correct opinion, to testify to his opinion as to the intoxicating properties of liquors shown to have been sold by the defendant, although he is not shown to be a technical expert.

6. *Evidence; admissibility of.*—In such a prosecution testimony showing how the liquors were labeled is irrelevant, as the question for the jury to determine in such case is, what are the *actual* properties of the liquor sold, and not what were its *represented* properties.

7. *Local statute prohibiting sale of liquors; when exception in favor of physicians can not be incorporated by the courts.*—Where a local statute prohibiting the sale of spirituous, vinous or malt liquors and intoxicating bitters within a prescribed territory, contains no exception in favor of physicians or druggists, such exception can not be incorporated therein by the courts.

8. *Same.*—Hence it is no defense to an indictment charging a sale of or gift of intoxicating bitters in violation of such statute, that the defendant was a licensed practicing physician, and gave or sold them, in good faith as a prescription, to the witness who was under his treatment, although it is shown that such was a proper and scientific treatment of the disease for which he was prescribing.

9. *Same.*—But "we are not to be supposed as intimating that physicians or druggists would be prohibited, under such a statute as the one in question, from the *bona fide* use of spirituous liquors in the necessary compounding of medicines manufactured, mixed or sold by them. This would not be within the evils intended to be remedied by such prohibitory enactments, nor even within the strict letter of the statute."

APPEAL from St. Clair Circuit Court.

Tried before Hon. L. F. Box.

The indictment in this cause charged that the defendant "did sell intoxicating bitters to a person in quantities less than forty gallons, within one mile of the court house, in the town of Ashville, in the county of St. Clair, contrary to an act of the General Assembly of the State of Alabama, approved February 1st, 1871, and against the peace," etc. The defendant demurred to the indictment, and his demurrer having been

[Carson v. The State.]

overruled, the cause was tried on the pea of not guilty, and the defendant was convicted of the offense charged against him. On the trial, one Hood was examined as a witness for the State, who testified, in substance, that within twelve months before the finding of the indictment, and within the territory mentioned therein, he applied to the defendant, who was a licensed practicing physician, and who was then and had been for several months prior to that time, prescribing for the witness for a disease with which he was and had been suffering, and which he described to the jury, for whiskey in which to take some medicine which the defendant had previously prescribed for him; that the defendant had no whiskey, but that he sold to the defendant "some bitters," which he said would aid the medicine; that he did not know whether the bitters were intoxicating or not, as he only took a small quantity of them at a time as medicine. On cross-examination the defendant asked the witness, whether the bitters were labeled as a medicine. The court sustained an objection interposed by the State to this question, and refused to allow the witness to answer it, and the defendant excepted. The State then examined as a witness one Yarbrough, who testified that he took a drink of the bitters purchased by the witness, Hood, from the defendant, and that the bitters were, in his opinion, intoxicating. The defendant objected to this testimony on the ground, that it had not been shown that the witness was a druggist, physician " or in any way an expert in such matters;" but the court overruled his objection, and he excepted. The defendant then offered to prove by a practicing physician, that in his opinion the bitters were beneficial to the disease with which the witness Hood was afflicted, and the proper medical treatment therefor, but the court, on the objection of the State, refused to allow this testimony to go to the jury, and the defendant excepted. This being the substance of the evidence introduced on the trial, the defendant asked the court in writing to give to the jury the following charges: 1. " That if the jury believed from the evidence, that the defendant, at the time the witness obtained the bitters alleged to have been sold, was a practicing physician in the town of Ashville, Alabama; and that the witness was then his patient under treatment for disease, and that the defendant, in good faith, prescribed such bitters as a medicine to be used by Hood as such patient, then the defendant is not guilty." 2. " That if the jury believed from the evidence, that the witness obtained the bitters from the defendant as a practicing physician, and under a prescription made by the defendant as a practicing physician for witness, as his patient, then such transaction was not a sale under the act under which the defendant is indicted in this case:"

[Carson v. The State.]

The court refused these charges, and the defendant duly excepted.

The rulings of the Circuit Court above noted are here assigned as error.

JOHN W. INZER, for apppellant. (1). The act under which the defendant was indicted, or so much thereof as makes it an offense to sell or dispose of intoxicating bitters within the prescribed limits, is in violation of the provision of the constitution which requires that each law shall contain but one subject, which shall be clearly expressed in its title.—Con. 1868, Art. 4, § 2 ; Con. 1875, Art. 4, § 2. There is a material difference in the caption of the act and the body thereof. The caption is to *prohibit* the sale or otherwise disposing of spirituous, vinous or malt liquors within one mile, etc. ; while the act itself prohibits the selling, giving or disposing of, by one person to another, spirituous, vinous or malt liquors, ale, lager beer, or *intoxicating bitters* in quantities *less than forty gallons* within the prescribed limits, and also *excepts* certain places within such limits. The caption of the act, therefore, indicates a *total prohibition* of the sale or other disposition of *spirituous, vinous or malt liquors;* while the act itself is only a *partial prohibition*, not only of the liquors named in the caption, but also of *ale, lager beer and intoxicating bitters.* (2). The act was passed to prevent the sale or other disposition of the liquors named, to be used as a beverage, and to prevent persons from engaging in the sale thereof as a business; and not to prohibit a physician from using liquors in good faith in his practice as a drug or medicine. Section 4208 of the Code of 1876, as amended (Acts 1878–9 p. 71), makes it an offense for any one in this State to sell vinous or spirituous liquors in quantities less than a quart without a license. This law never applied, nor was it intended to apply to physicians who used alcoholic stimulants in their practice, in good faith, as a medicine. So in reference to the local statute under which the defendant was indicted. It was never intended to prohibit the use of such liquors by physicians in their practice. A case which is out of the mischief intended to be remedied by the statute, is out of the purview thereof, although it may be within its words.—2 Brick. Dig. p. 462, § 18. See also *Huffman v. The State*, 29 Ala. 40.

H. C. TOMPKINS, Attorney-General, for the State. (1). The object of the constitutional provision in question is to prevent the introduction of matters incongruous with the title and foreign to each other. The subject named in the title is the prohibition of the sale of certain named intoxicating liquors;

[Carson v. The State.]

and the prohibition of such sales in quantities less than forty gallons, is not incongruous with that title. Nor is the extension of the prohibition in the body of the act to intoxicating bitters the introduction of foreign matter, since such bitters are intoxicating necessarily because they consist principally of one of the named prohibited liquors.—*Ex parte Pollard*, 40 Ala. 77; *Key v. Jones*, 52 Ala. 238; *Ex parte Hickey*, *Ib.* 228. (2). There is nothing in the point made by the demurrer that the indictment does not negative the idea, that the defendant was within the exception contained in the proviso.—*Clark v. The State*, 19 Ala. 552. (3). Whether a given liquor is intoxicating or not, is a question upon which any person may testify to his opinion. It is not necessary that he should be a druggist, doctor, or an expert. (4). The act makes no exception in favor of liquors sold as medicines and this court can make none.—*Bain v. The State*, 61 Ala. 75; *Philips v. The State*, 2 Yerg. 458; *State v. Whitney*, 15 Ver. 298; *Com. v. Kimball*, 24 Pick. 366; *State v. Brown*, 31 Me. 522; *Com. v. Sloan*, 4 Cush. 52.

SOMERVILLE, J.—The appellant was convicted in this case of selling intoxicating bitters contrary to the provisions of a local or special prohibitory law. The law in question was approved February 1st, 1871, and is entitled "An act to prohibit the sale or otherwise disposing of spirituous, vinous or malt liquors, within one mile of the court house in the town of Ashville, in St. Clair county." It prohibits the selling, giving or delivering to any person of "spirituous, vinous or malt liquors, ale, lager beer or *intoxicating bitters*, in quantities *less than forty gallons*," within one mile from the court house of St. Clair county, in the town of Ashville. There are two *provisos* to the act, which except certain cases from its operation, not here necessary to be mentioned.

It is urged that this act is unconstitutional, as being violative of that clause of the constitution which provides that "each law shall contain but one subject, which shall be clearly expressed in its title," etc.—Con. 1875, Art. 4, § 2; Con. 1868, Art. 4, § 2. The grounds of this objection are, in our opinion, untenable. The subject of the act has reference to the prohibition of the sale of certain liquors. This need not be an entire or total prohibition, but it may be a partial one, or a mere regulation of the subject-matter only. Intoxicating bitters, too, may manifestly be included within the class of liquors described in the title. The purpose of this constitutional provision was to prevent the introduction, into the body of an act, of any such foreign or incongruous matter as may not reasonably be comprehended within the title, or be properly

[Carson v. The State.]

referable to it. It is not to be objected that the law contains various details, if they all relate to one general subject, and the title of the act itself is so definite as not to mislead or deceive. —*Ex parte Pollard*, 40 Ala. 77, and other authorities cited by the Attorney-General. See also *Woodson v. Murdock*, 22 Wall. 351; *Dorsey's Appeal*, 72 Penn. St. 192; *Mills v. Charleton*, 9 Amer. Rep. 578.

The indictment charged a violation of this special law with sufficient definiteness. It was referred by its general tenor and further described by the date of its approval. It was unnecessary to set forth the whole act, as is insisted on by appellant's counsel. It was a *public* statute, of which the court was required to take judicial notice without being pleaded. Though local in its nature, it extended to all persons who might come within the territorial limits described, and to this extent it concerned the public generally.—1 Whart. Law. Ev. § 293; *Levy v. The State*, 6 Ind. 281; *Crawford v. Planter's and Merchant's Bank, Mobile*, 6 Ala. 289.

It was unnecessary for the indictment to aver that the defendant did not come within the operation of the exceptions created by the *provisos* of the act. This was matter of defense not required to be anticipated by the prosecution, but which would more properly come from the defendant. The rule would, however, be otherwise in cases where exceptions are incorporated in the *enacting clause*, for then it would be necessary to negative them in order to bring the alleged crime within the words of the statute.—1 Whart Cr. Law, § 379; 1 Bish. Cr. Proc. §§ 631–633; *Clark v. The State*, 19 Ala. 552; *Becker v. The State*, 8 Ohio St. Rep. (N. S.) 391.

It was competent for the witness Yarbrough to testify to his opinion as to the intoxicating properties of the bitters proved to have been sold by the defendant. This is a matter of common knowledge, where a witness is shown to have had an opportunity of personal observation, or of experience, such as to enable him to form a correct opinion. It is not required that he should be a technical expert.—*Merkle v. The State*, 37 Ala. 139.

The evidence was properly excluded showing how the bitters were labeled. This was irrelevant, as it rendered them neither more nor less intoxicating. The *actual* properties of the beverage sold was the question submitted to the jury, not the *represented* properties.

The evidence in this case showed that the defendant was a licensed practising physician and that he prescribed the bitters which he is alleged to have sold, to a patient who was at the time under his treatment. It was also proposed to be proved,

[Carson v. The State.]

by expert medical testimony, that this was the proper scientific treatment in the given case.

It was contended, under this state of facts, that if the appellant gave or sold the bitters in question as a prescription, and in good faith, he would not come within the prohibition of the statute, and should be acquitted, and the correctness of this view is directly raised by the charges requested to be given at the instance of the appellant.

We know of no principle of law which would authorize us to incorporate so important an exception into the statute. The facts of the case may have constituted a good reason why the grand jury should have refused to find a bill, but there is no exception made in the statute in favor of physicians, druggists, or any other persons whomsoever, and this court can not engraft one in their favor without the exercise of the legislative power, which it does not possess. The question presented is not a novel one, though not before decided in this State. Mr. Wharton states the rule to be, that, "unless there is an express exception in the statute the fact that the liquor was bought for *medicine* is no defense."—3 Whart Amer. Law, § 2439.

In the case of the *Commonwealth v. Kimball*, 24 Pick. 366, the point was made, that where liquor was bought to be used *bona fide* for the purpose of medicine, the sale of it did not come within the purview of a prohibitory liquor law, general in its terms. Chief Justice SHAW observed in answer to this suggestion: "If it were sufficient to avoid the prohibition of the statute, for the purchaser to say that the spirits were intended for medicine, it would, in effect, repeal the statute. But the decisive answer is that the legislature has made no such exception." The same or similar points have been repeatedly settled in other cases. See *State v. Brown*, 31 Me. 522; *Woods v. The State*, 36 Ark. 36, (S. C. 38 Amer. Rep. 22); *Wright v. The State*, 101 Ill. 126, and other authorities cited in brief of Attorney-General, and in 3 Whart. Cr. Law, § 2439, *note (g)*.

The application of any other rule would be fraught with difficulty, if not impracticability. The frequency of imposture on the one hand, and abuse on the other, would be imminent, and sagacious foresight in this respect may have been a potent reason with the General Assembly for excluding exceptions which found place in former statutes relating to the same subject-matter. We are not to be supposed as intimating that physicians or druggists would be prohibited, under such a statute as the one in question, from the *bona fide* use of spirituous liquors in the necessary compounding of medicines manufactured, mixed, or sold by them. This would not be within the evils intended to be remedied by such prohibitory enactments, nor even within the strict letter of the statute.

16

[Woodbury v. The State.]

We discover no errors in any ruling of the Circuit Court, and its judgment is affirmed.