[Bell v. Wallace.]

# Bell *v.* Wallace.

*Action against Probate Judge for Issuing Marriage License to Minor contrary to the Statute.*

1. *Sufficiency of complaint; negativing proviso.*—In an action against a probate judge to recover the statutory penalty for issuing a marriage license to a minor without the consent of the parents or guardian (Code, §§ 2678, 2681; Sess. Acts, 1882-3, p. 38), it is not necessary that the complaint should negative matters of defense as to the personal appearance of the minor and affidavit as to age.

2. *Plea as to personal appearance and affidavit as to age.*—To make out a good defense to such action, under the proviso to the said amendatory statute, affidavit as to the majority of the infant must have been made, and his (or her) personal appearance must have reasonably justified the belief of the fact; and a plea which does not allege the concurrence of both of these facts, is substantially defective.

3. *Ignoring plea in abatement.*—Ignoring a plea in abatement, properly filed, is, at most, error without injury, when the record shows that the plaintiff obviated the specified defect by an amendment

4. *When exception is necessary.*—A bill of exceptions is necessary to enable this court to revise a charge given, or the failure of the lower court to notice a plea in abatement.

APPEAL from the Circuit Court of Fayette.

Tried before the Hon. S. H. SPROTT.

The complaint in this case was, as follows: "J. T. Wallace, plaintiff, v. H. M. Bell, defendant. The plaintiff claims of the defendant as probate judge of Fayette county, Alabama, $200.00 as a penalty for issuing, as such judge, a license to solemnize a marriage between one T. B. McCool, a male, and Lela Wallace, a female, the said Lela Wallace being at the time said license was issued the daughter of plaintiff, and who then was not eighteen years of age, and had not had a former husband, and plaintiff further avers, that the defendant did not require or obtain the consent of plaintiff to be given for the issuance of said marriage license, or to the marriage, either personally or in writing, and plaintiff further avers, that by reason of said marriage license so unlawfully issued by defendant, the said T. B. McCool and Lela Wallace were married."

The defendant demurred to this complaint on the ground that it failed to allege that the defendant, as probate judge, failed to require an affidavit, that the alleged minor was of lawful age, before issuing the license. The court overruled the demurrer.

[Bell v. Wallace.]

The defendant then filed a plea in abatement on the ground, that plaintiff had sued by the name of "*J. T. Wallace*," and not by his full name, "James T. Wallace"; whereupon, plaintiff amended the complaint by setting forth his full name.

The defendant filed two pleas, in the *first* of which, he averred, that before issuing the license, he required an "affidavit that the said Lela Wallace was of the age of eighteen years, and this affidavit was made by one Thomas McCool"; and the *second* embraced said averment contained in the first, and, also, an averment, that "the said Lela Wallace was of such personal appearance as would reasonably lead to the conclusion that she was of the age required by law." The plaintiff demurred to the *first* plea, because it did not contain the averment as to the *personal appearance* of the said Lela Wallace, required by the statute, and the court sustained the demurrer. A replication was filed to the scond plea, but it is not set forth in the record. The court gave the general charge in favor of plaintiff.

The record contains no bill of exceptions, and it does not appear what was the evidence, or whether the defendant excepted to the charge.

The rulings of the court adverse to appellant are assigned as error.

POWELL & RAY, for appellant.

NESMITH & SANFORD, and WATTS & SON, *contra.*—1. It was not necessary to negative the *proviso* contained in the Act.— *Clarke v. The State*, 19 Ala. 552.   2. The filing of the demurrer waived any plea in abatement. The amendment of the complaint was proper.— *Johnson v. Martin*, 54 Ala. 271; *Mahan v. Smitherman*, 71 *ib.* 563.   3. The *first* plea was bad and the demurrer thereto properly sustained.—Acts of 1882-3, pp. 38-9.   4. There was no bill of exceptions, and it does not appear whether the charge was correct or not, or was excepted to.

SOMERVILLE, J.—The action is brought against the defendant, who was probate judge of Fayette county, for a penalty of two hundred dollars for the alleged issuing of a marriage license to the daughter of the plaintiff, who was a minor, under eighteen years of age, contrary to the provisions of the statute.—Code, 1876, § 2681, as amended by the act of Feburary 5, 1883.—Acts, 1882-83, pp. 38-39.

1. The complaint was sufficiently full in its allegations to bring the case within the statute, and the demurrer to it

was properly overruled. The objection taken was matter of defense to be set up by plea on the defendant's part, if the facts of the case brought it within the *proviso* of the act. This *proviso* declares that, where the penalty is claimed by reason of the minority of either of the parties to whom the license has been issued, the defendant may prove, in excuse or justification of the issue of the license—(1), that the party, whose minority is alleged, presented at the time of the application for license such a *personal appearance* as would reasonably lead to the conclusion that such party was of the age required by law; and (2), that, *in addition* thereto, that either the party or some other person has made and subscribed *an affidavit* that the applicant, if a male, was over 21 years of age, and if a female, over 18 years of age. The complaint was good without negativing this defense by way of anticipation. It was purely defensive, and, as we have said, should have been so pleaded.—*Britton v. State*, 77 Ala. 202; *Grattan's Case*, 71 Ala. 344; *Carson's Case*, 69 Ala. 235; *Clark v. The State*, 19 Ala. 552.

2. It is obvious that to constitute a good defense to the action the plea must not only aver the making and subscribing of the requisite *affidavit*, but must also aver the further fact required to exist in reference to the *personal* appearance of the applicant. The two must co-exist, and the one without the other is no excuse or justification for issuing the license where the applicant may have been under the statutory age designated. The first plea was for this reason defective, and the demurrer to it was properly sustained.

3. There could be no prejudice to appellant in the action of the court ignoring the plea in abatement, because the plaintiff 'admitted its sufficiency by amending the defect pointed out by it. If the plea had been formally sustained, precisely the same result would have followed. The question, moreover, should have been raised by exception to the ruling of the court, taken in due form by a bill of exceptions, which was not done.

4. For a like reason, as last stated, we decline to pass on the assignment of error based on the action of the court in giving the general charge in favor of the plaintiff. The record contains no bill of exceptions, and, therefore, we can not know that any exception was taken to this charge.

The judgment is affirmed.