# Riley *v.* Bell.

*Action against Probate Judge for Statutory Penalty, for Issuing Marriage License to Minor.*

1. *Consent of parents to marriage of minor.*—The written consent of the mother, during the temporary absence of the father from the State, to the issue of a marriage license to her minor daughter (Code, §§ 2315-18), does not constitute a defense to the probate judge against an action by the father to recover the statutory penalty.

2. *Personal appearance of minor, and representations as to age.*—The personal appearance of the minor, indicating that she is of lawful age, and her representation that she is of lawful age, do not justify the issue of the license (Code, § 2319), unless affidavit of the fact is made before the probate judge, either by the minor or by some other credible person claiming to know it.

APPEAL from the Circuit Court of Covington.
Tried before the Hon. JOHN P. HUBBARD.

W. D. ROBERTS, for appellant.

W. L. PARKS, and J. D. GARDNER, *contra.*

SOMERVILLE, J.—While the complaint is omitted from the record, it is apparent from the judgment-entry and bill of exceptions that the action is one against the defendant, who was probate judge of Covington county, for a penalty of two hundred dollars, for issuing a license for the marriage of a minor, contrary to the provisions of the statute.—Code, 1886, § 2318.

1. The minor was a female, under eighteen years of age, and had never before been married. The statute, in such cases, provides, that "the probate judge must require the

[Golden v. Conner.]

consent of the parents, or guardians of such minors, to the marriage, to be given either personally, or in writing." Code, § 2315. This obviously means the consent of the father, if he be living, and is not rendered incapable of giving it by defect of understanding, or other good cause; or, if there be no father, then of the mother. The basis of the statute is the common-law principle, that the father, and on his death the mother, is generally entitled to the custody of the children, and that, as parents, they are the natural protectors for maintenance and education.—2 Kent's Com. 205, 85–86. The father in this case was living, but was at the time temporarily absent from the State. It is shown that the mother gave her written consent to the minor daughter's marriage. This was insufficient to meet the requirements of the statute, and did not exempt the defendant from liabilty to the penality in question. The Circuit Court so ruled.

2. The further defense is urged, that the defendant was misled as to the age of such minor, by her personal appearance, and by her representation that she was over eighteen years of age. This defense is clearly insufficient, unless "an *affidavit* was made before him by such minor, or by some other credible person claiming to know the fact, that such minor was of the age required by law." This is an express requirement of the statute, made a condition precedent to the court's entertaining such a defense.—Code, 1886, § 2319; *Bell v. Wallace*, 81 Ala. 422.

The Circuit Court did not err in giving the general affirmative charge for the plaintiff.

Judgment affirmed.