# Compton *v.* The State.

*Indictment for Selling Liquor Unlawfully.*

1. *Sufficiency of indictment; violation of local prohibitory law.*—Under an indictment charging, in the words of the general statute, that the defendant "sold spirituous, vinous or malt liquors, without a license, and contrary to law" (Code, § 4037), a conviction may be had on proof of a sale of intoxicating bitters in violation of a local prohibitory law.

2. *What are "intoxicating bitters, mixture, decoction or compound."* Under a local law prohibiting the sale of any "intoxicating liquors, or any intoxicating decoction, mixture, compound, or bitters," a conviction may be had on proof that the defendant sold a preparation called "Strengthening Cordial," or "Ginger Tonic," which contained alcohol in sufficient quantity to produce intoxication, and which was used by purchasers as a beverage, producing intoxication; and the fact that the articles were prepared and sold by the defendant in good faith as medicines, in ignorance of their intoxicating qualities, or honestly believing that they were not intoxicating, is no defense.

FROM the Circuit Court of Clarke.
Tried before the Hon. WM. E. CLARKE.

JOHN Y. KILPATRICK, for the appellant, cited and relied on *Carl v. State,* 87 Ala. 17; *Knowles v. State,* 80 Ala. 9.

WM. L. MARTIN, Attorney-General for the State, cited Code, § 4037; *Williams v. State,* 91 Ala. 14; *Carl v. State,* 89 Ala. 93; *Carson v. State,* 69 Ala. 235; *Com. v. Kimball,*

24 Pick. 366; *Com. v. Hallett*, 103 Mass. 452; 2 Whart. Cr. Law, 9th ed., 1506.

THORINGTON, J.—Appellant was convicted under an indictment charging him with selling spiritous, vinous or malt liquors, without a license. and contrary to law.

The testimony for the State, as the bill of exceptions recites, tended to show that appellant sold "McLean's Strengthening Cordial" and "Ginger Tonic"; that they were articles containing sufficient alcohol to produce intoxication; that persons bought them of appellant for the purpose of using them as a beverage "and did so use them and get drunk on them"; that appellant kept on hand a large quantity of said articles, which he sold regularly in quantities less than a quart. Appellant's testimony tended to show that he sold said articles in good faith, as medicines; that they were put up for medical purposes, and used as such, and did not contain sufficient alcohol to produce intoxication, and that he did not "intentionally sell them as a beverage or intoxicant to any one."

The indictment was found under a special prohibitory statute relating to the counties of Clark and Limestone. Acts 1880–1, p. 170. The first section of the act declares it unlawful for any person to "distill, brew, or otherwise manufacture, or sell, give away, or otherwise dispose of any vinous, spirituous, malt, or other intoxicating liquors, or any intoxicating decoction, mixture, compound, or bitters, whatever, in any quantity, or for any use or purpose whatever, scientific, medical, or other use or purpose, within the limits of the counties of Clarke and Limestone."

The only exceptions declared in the statute are, that it shall not apply to the use of wine for sacramental purposes, nor to the social or domestic use of such liquors in private residences, nor to the administering of such liquors, or compounds thereof, by regularly licensed physicians, when necessary, in their actual and legitimate practice.

The penalty prescribed for a violation of the statute is a fine of not less than one hundred, nor more than five hundred dollars, and also imprisonment in the county jail, or hard labor for the county, for not more than six months. Defendant was convicted and fined two hundred and fifty dollars. The exceptions reserved on the trial by appellant are confined to the refusal of the court to give to the jury certain charges, or instructions, requested by him in writing.

A defendant may be convicted, under an indictment such as this, on proof of a sale in violation of any special or local

[Compton v. The State.]

law prohibiting the sale of liquor—Code of 1886, § 4037 ; *Williams v. State,* 91 Ala. 14. Such a statute, though local in its nature and operation, is a public statute, of which the courts are required to take notice without being pleaded. *Carson v. The State,* 69 Ala. 235.

None of the charges asked by appellant, and refused by the court, present a defense within any exception contained in the statute. They are based on the hypothesis, that if the tonic and cordial sold by defendant were medical preparations, and were sold by him as such in good faith, and not for use as a beverage, their misuse by the purchaser, though producing partial intoxication, does not render defendant liable under the statute.

Whether or not the cordial and tonic confessedly sold by appellant were medical preparations, or an "intoxicating decoction, mixture, compound or bitters", was a question of fact for the jury, and the bill of exceptions states that the testimony for the State tended to show such was their nature. If so, the special statute prohibits their sale for medical purposes, in express terms, whether such sale is made in good faith or not. By the provisions of this statute, it is *the fact of a sale* of the prohibited article, and not the *intent with which the sale is made,* the statute denounces. The specific act of selling intoxicating bitters, or other compounds such as are described in the statute, constitutes the offense, irrespective of defendant's belief, motive or intention. Ignorance of the character of the mixture, or even belief that it is not intoxicating, based on a mistake of fact, is no defense under this statute. And it has been declared generally, that where there is no exception, taking out of the general provision of the statute sales made in good faith for medical purposes, the fact that the article was sold in good faith as a medicine, does not operate to acquit the defendant of a violation of the statute, if it be in reality intoxicating.—*Carson v. State,* 69 Ala. 235; *Carl v. State,* 89 Ala. 93; *Com. v. Kimball,* 24 Pick. 366; *Com. v. Hallett,* 103 Mass. 452; 2 Whart. Cr. Law, §§ 1506, 1507. In *Carson v. State, supra,* it is said : "The application of any other rule would be fraught with difficulty, if not impracticability. The frequency of imposture on the one hand, and abuse on the other, would be imminent."

Under this indictment charging the sale of spirituous, vinous or malt liquors, the real inquiry was whether the tonic or cordial sold by the defendant contained sufficient spirituous, vinous or malt liquors to make the same an "intoxicating mixture, compound or bitters"; and the rule for

determining that question has been declared by this court as follows: "If the liquors and other ingredients are used and mixed in such manner and proportions as to counteract the intoxicating force and character of the liquor, fairly constituting a medicine, and rendering its use as a beverage practically impossible, it does not come within the statute. On the other hand, if the liquor is the predominant element, or sufficiently retains its intoxicating qualities so as to render the mixture reasonably susceptible of use as a beverage, or of substitution for the ordinary intoxicating drinks, it is within the statutory prohibition."—*Carl v. State*, 89 Ala. 93. The tendency of the evidence for the State was to show that the tonic and cordial sold by appellant contained sufficient alcohol to render them intoxicating in their nature and effects. All the charges asked by appellant ignore entirely that question, and assert his right to an acquittal, if, in good faith, he sold them as medicines, and not as beverages or intoxicants. They are all opposed to the principles laid down in the cases herein cited, and there was no error in their refusal.

Affirmed.