State v. Mitchell.

been a warranty, the defence would not be good without a a lawful eviction. (Morrison v. Edgar, 16 Mo. 411.) The voluntary surrender of the property is not sufficient.

THE STATE, Respondent, v. MITCHELL, Appellant.

1. A druggist who, in good faith, sells intoxicating liquor, whisky, for medical purposes, can not be rendered liable to an indictment for selling liquor in a less quantity than a gallon; he is not required to institute a strict inquisition into the motives and objects of the persons dealing with him.

*Appeal from Greene Circuit Court.*

The following is the instruction given by the court: " If the jury believe from the evidence in this case that the de-

State v. Mitchell.

fendant, in the county of Greene, within one year before the finding of this indictment, did sell any whisky in a quantity less than one gallon, they must find the defendant guilty, unless the jury further find from the evidence that the defendant was a dealer in drugs and medicines and that the whisky was used only for medicinal purposes."

*Waddell*, for appellant.

*Ewing*, (attorney general,) for the State.

NAPTON, Judge, delivered the opinion of the court.

The defendant was indicted for selling whisky in quantities under a gallon. It appeared on the trial that he was a dealer in drugs and medicines, and was also family physician to the person who purchased the whisky, and that he had prescribed the whisky to be used in combination with certain barks as a tonic mixture for the purchaser's wife. The purchaser, however, used a portion of the whisky as a mere beverage for himself and gave a dram or two of it to some of his visitors. This was in the absence of the defendant and without his knowledge, so far as it appeared and occurred at the purchaser's house after the whisky was brought from the store of defendant. The defendant, under the instructions of the court, was convicted.

In our opinion, the conviction was wrong. It is not, we apprehend, the intention of the act authorizing druggists to sell spirituous liquors to require them to institute a strict inquisition into the motives and objects of persons dealing with them, either in the purchase of medicines or liquors which are treated as such; much less are they required to prosecute any domiciliary inquisitions in order to be assured that no fraud has been practiced on them or on the law. Such an inquisition would be as odious as it would be impracticable and useless. The law has not pointed out any mode by which dealers in drugs and medicines, who are expressly authorized to sell spirituous liquors for medical uses, are to ascertain whether the liquors are *bona fide* intended

and applied for the purposes assumed by the purchasers.  It may be that there would be inherent difficulties in framing such a law.  At all events the law contains no such provisions.  The legislature, for reasons of public policy satisfactory to them, have thought proper to confine the dealing in liquors in small quantities to a certain class of merchants whose main business is the sale of medicines.  Such dealers are allowed to sell brandy and whisky and other liquors of this description for the same purposes they are authorized to sell calomel and opium and other drugs.  They have no more means of ascertaining, nor has the statute provided them with any, whether the brandy or other liquor is used for such purposes, than they have to ascertain whether the opium or calomel is.  The legislature did not make them responsible for any evasion of the law by persons purchasing from them.  Such a responsibility, indeed, it is plain, would render the privilege nugatory and impracticable.  It may have been thought that much might be entrusted to the intelligence and good character of the class of dealers to whom this privilege was conferred, and although liable to abuse, that much good would still be effected.  However this may be, the defendant was not only a druggist, and therefore authorized to sell the whisky, but as a physician he had prescribed it to be used in the family of the purchaser.  Surely the legislature never intended to subject him to a criminal indictment and heavy fine because the purchaser used a portion of it himself, or permitted his neighbors or servants or any portion of his family to use it for purposes other than those for which it was sold.

Judgment reversed and case remanded.  The other judges concur.