## STATE vs. DOWNER.

EXCISE LAW : *Sale of liquors without license—Form of indictment—Defense, refusal of supervisors to grant any licenses.—Sec. 5, ch. 35, R. S.—Ch. 147, Laws of 1862.*

1. In an indictment under sec. 5, ch. 35, R. S., (as amended by ch. 147, Laws of 1862), it is sufficient to allege that the defendant *sold* the liquors without having first obtained a license, and not necessary to allege that he received a *compensation* therefor.
2. It is no defense to such an action that the defendant had applied for a license, which was refused solely because the town board had determined not to license *any* sale of spirituous liquors.
3. It is not error, in instructing the jury, to state the law in general terms, without stating the exceptions, when there is no evidence tending to bring the case within such exceptions.

REPORTED from the Circuit Court for *Jackson* County.

Defendant was indicted for selling spirituous liquors; and after conviction, the cause was reported to this court, under the statute, for the determination of questions of law raised by defendant's exceptions to the rulings and instructions of the

court below. The nature of those questions will appear from the opinion.

*Carl C. Pope*, for the defendant, contended: 1. That the indictment was void because it did not charge that defendant received any *compensation* for the liquor alleged to have been sold by him. Starkie's Cr. Pl., 79; *Markle v. The State*, 3 Ind., 535; *State v. Gaffrey*, 4 Chand., 164; *State v. Patrick*, 3 Wis., 812; *Allen v. The State*, 5 id., 335. 2. The instruction given was erroneous, because it assumed that all sales of liquor without a license are criminal. *Williams v. Troop*, adm'r, 17 Wis., 463. 3. The evidence showed that defendant had applied to the town board for a license, and that it was refused solely on the ground that the board had determined not to license *any* sale of liquors. Counsel contended that the legislature even had no power to *prohibit* the sale of liquors; and if it had, no such power was granted to town boards by the statute; that the penalty imposed by the statute is not for selling liquor but for non-compliance with the condition precedent, viz: obtain ing a license; and that when the performance of that condition becomes impossible by the action of the supervisors, the penalty no longer attaches. Bacon's Ab., "Condition," 2; Com. Dig., "Condition," L., 12, 13; *Palmer v. Doney*, 2 Johns. Cas., 346; 2 Kent, 596.

*The Attorney General, contra*, as to the sufficiency of the indictment, cited Wharton's Prec., 467 et seq.; *State v. Munger*, 15 Vt., 291. As to the refusal of the board to grant licenses, he cited *Allen v. State*, 5 Wis., 335.

COLE, J. It is objected that the indictment is defective because it is not charged that the defendant received *compensation* for the liquors sold by him. It is alleged in each count of the indictment, that, at a certain time and place, the defendant " did sell " spirituous liquors to certain persons therein named, without first having obtained a license therefor. This is

charging the offense in the language of the statute, and we cannot see why it is not sufficiently certain to answer the rules of criminal pleading. The statute makes it a misdemeanor to " vend, sell, deal or traffic in " spirituous liquors, without first having obtained a license therefor. Sec. 5, chap. 35, R. S., as amended by chap. 147, Laws of 1862. The word " sell " must be understood in its popular sense, as importing a transfer of property for its equivalent in money, or at least for some valuable consideration. It is of course not necessary, in order to constitute a sale, that money should be paid at the time. A sale for cash in hand, and one upon credit, are equally within the statute. But we do not think it was necessary to set forth all the details of the transaction in the indictment, whether the sale was for a consideration received at the time, what that consideration was, or whether it was upon credit. To require that the nature and amount of consideration should be stated, with all the facts and circumstances attending the sale, in addition to the allegation that the defendant " did sell " &c., would be laying down an unnecessarily strict rule, and one not borne out by reason or authority. " Certainty in charging the offense to a common intent, is all that is required by the rules of pleading in regard to indictments," is the language of Chief Justice NELSON, in *The People v. Adams*, 17 Wend., 475–6, and the remark is fully sustained by the adjudged cases. See also *The State of Wisconsin v. Bielby*, [*ante*, p. 204].

On the trial, the circuit court instructed the jury to the effect that if they found that the defendant sold intoxicating liquors as charged in the indictment, and that he had no license from the board of supervisors of the town at the time of such sale, then they must find the defendant guilty. It is objected that this instruction was erroneous, because there are exceptions to the proposition that a person can make no sale of liquors in this state without first having obtained a license. A sheriff, it is said, need not obtain a license before

selling liquors taken upon an execution; nor is an administrator required to obtain a license before he can sell or dispose of liquors belonging to his intestate. It is not, however, claimed that there was any evidence tending to show that the defendant sold the liquors as sheriff or as administrator. The instruction was strictly applicable to the evidence before the jury; and for the court to have gone on and stated all the exceptions to the proposition, could not have served any useful purpose. The question is, Was the instruction correct when considered with reference to the case upon trial, and the facts sought to be established? If it was, it seems to us this was sufficient, although the court did not state all the exceptions to the proposition of law which had been laid down for the guidance of the jury in the cause on trial.

The court further, in substance, charged the jury, if they found from the evidence that the defendant applied for a license and offered to pay for it; that the town board of supervisors acted upon such application, and refused to grant a license to the defendant; but that such refusal was not on grounds of personal objection to the defendant; and if they should also find that the liquor was sold by the defendant for medicinal purposes, the defendant having no license at the time; that this constituted no defense to the indictment. Our statute does not permit a person to sell spirituous liquors, even for medicinal purposes, without first obtaining a license to sell. The fact that liquors were really sold for such a purpose might go far to mitigate the offense in a moral point of view; but it is not the less an unlawful act. Perhaps the framers of the excise law thought that if spirituous liquors should be permitted to be sold under its provisions for such a purpose, considering the infirmities of human nature and the numberless ills which flesh is heir to, no case of selling would occur which would not be placed upon that ground. All sales would be for medicinal purposes, and all buying of liquors would be merely for the

'stomach's sake.'    Therefore it is made unlawful to sell spirituous liquors, even for medicinal purposes, without a license.

But again, did the circuit court fall into an error in holding that though the defendant applied for a license to the town board, offering to pay the amount required; and though the town board acted upon the application and refused to grant him a license, such refusal not being placed upon any personal objection to him; yet even under these circumstances the defendant could not sell spirituous liquors for medicine without a license?    In other words, does our statute vest in the town boards power to refuse or grant licenses within their respective towns at their discretion; or must they grant them to every person who applies therefor, and who offers to pay for the same, against whom no personal objection exists?    An able and ingenious argument is made by the counsel for the defendant, to show that the town board attempted to prohibit entirely the sale of intoxicating liquors within their town; and that it was because they wished to prohibit the sale, that they refused to grant the defendant a license on his application. And it is claimed that no such power is vested in the town boards by the statute; and that if it was, even the legislature has not the constitutional right to provide for the entire prohibition of the sale of intoxicating liquors within the state.

We cannot subscribe to the views of counsel, that it would be incompetent for the legislature to prohibit entirely the sale of spirituous liquors within the state by laws prospective in their operation.    If, in the judgment of the legislature, the public welfare required that this should be done, it appears to us that under the police power of the state the legislature might prohibit the sale.    The argument in support of this conclusion will be found in the cases where this question has arisen, and need not be entered upon here.    See *License Cases*, 5 How. (U. S.), 504; *Wynehamer v. The People*, 3 Kern. (13 N. Y.), 378; 1 Gray, 1; 5 id., 97, 482; 7 id., 354.    And we

are further inclined to the opinion, that the statute vests in the town boards the discretionary power to grant or refuse licenses as they may deem proper. But without dwelling upon this point, and considering the statute as one of regulation merely, and not of prohibition, how does the case stand?

Suppose the town board neglected their duty by withholding a license from the defendant: does this breach of duty on their part excuse him for selling without a license? The statute declares that if any person shall sell intoxicating liquors "*without having first obtained a license therefor*," he shall be deemed guilty of a misdemeanor, and on conviction be subject, &c. Now suppose the town board neglected or refused to do their duty by granting licenses to proper persons: does this neglect or refusal of theirs operate as a general license to all persons whomsoever, residing within the town, to sell? Can the town board, by neglecting their duty (assuming that a refusal to license the defendant was a neglect of duty), repeal the statute which says that a person shall not sell without a license? If, by their refusal to grant a license, the board was guilty of a breach of duty, the defendant should have taken steps to compel them to perform their duty. This he did not do; but sold liquor without a license, thus violating a plain provision of the statute. We are unable to perceive how, even if the board neglected their duty and incurred a liability therefor, to the defendant or the public, this can avail the defendant. Their refusal could not operate as a license to him to do what the law said he should not do without complying with the condition precedent—namely, obtaining the license. For if the board would not perform their duty, they could be made to perform it in a proper proceeding. *The Mayor &c. of New York v. Mason*, 1 Abb., 344.

We think the exceptions of the defendant must be disallowed, and that the cause must be certified to the circuit court to proceed to judgment.

*By the Court.*—Ordered accordingly.

DOWNER, J., did not sit in this case.