## STATE VS. GUMMER.

*Criminal Law and Pleading.—Complaint for selling liquor without license.*

1. In the case of misdemeanors punishable only by fine or imprisonment, several distinct offenses may be joined in the same indictment.
2. In an indictment for selling liquor without license, the person to whom it was sold need not be named.
3. It is no defense to such an indictment, that the liquor was sold for medicinal purposes.

APPEAL from the Circuit Court for *Winnebago* County.

The complaint against the defendant in a justice's court, for selling liquors without a license, contained four counts, charging sales on different days to different persons named; while a fifth count charged a sale to persons unknown to the complainant, on divers days and times between August 1, 1866, and the making of the complaint. Defendant, being convicted before the justice, appealed to the circuit court; and there he moved to quash the complaint for the reason that several distinct offenses were charged therein; and subsequently moved that the prosecution be required to elect upon which count they would rely at the trial; both which motions were denied. Defendant objected to the introduction of any evidence under the last count, and also objected to evidence of a sale to one Gordon, a witness, because he was not named as a person to whom liquors had been sold; but both objections were overruled. An instruction asked by defendant, and refused, is sufficiently stated in the opinion. The defendant, being convicted at the circuit, appealed.

*Felker & Weisbrod,* for appellant, as to the question of pleading, cited R. S., ch. 35, sec. 7, and ch. 121, sec. 3; and as to the instruction refused, 1 Bish. Crim. Law, § 227; *Donnell v. The State,* 2 Carter, 658; *State v. Williams,* 19 Mo., 389.

*The Attorney General, contra.*

COLE, J. There was no error in the ruling of the court refusing to quash the complaint for the reason that several distinct offenses were charged therein. In the case of misdemeanors which are only punishable by fine or imprisonment, the prosecution is permitted to join and try several distinct offenses in the same indictment. *Kane v. People,* 8 Wend., 203; *State v. Beilby,* — Wis. —; *Byrne v. State,* 12 id., 519.

Nor can the defendant prevail on the objection that the court below should have compelled the prosecution to elect upon which count they would rely, on the trial. This is a matter resting very much in the discretion of the court, even in the case of felonies. *State v. Fee*, 19 Wis., 562. The court will only listen to the request to compel the prosecution to elect in felonies when they can see that the charges are actually distinct and may confound the prisoner, or distract the attention of the jury, but will not listen to it in a case of misdemeanor. 1 Chitty's Crim. Law, 249.

Evidence of the sale of liquor to the witness Gordon could be given under the last count of the complaint, although he was not named therein as one of the persons to whom it was sold. That count charged that the defendant, on etc., at etc., unlawfully and willfully sold " to divers persons and citizens of this state to the complainant unknown, strong and spirituous and intoxicating liquors," etc. It was unnecessary to specify the name of the persons to whom the liquor was sold. *State v. Beilby, supra.*

There was no error in the court refusing to charge the jury that if they should find that the prisoner let Gordon have the liquor for a humane and charitable purpose, as medicine for his wife, with no intent to violate the law, then they should acquit. A person is not permitted to sell liquor without a license even for medicine, under our statute. *State v. Downer*, 21 Wis., 274. The legislature has not seen fit to except that case from the statute, and the court connot. We have examined the cases of *Donnell v. State*, 2 Carter (Ind.), 658, and *State v. Williams*, 19 Missouri, 391, to which we were referred upon this point by the counsel for the defendant; but they do not change our views as to the proper construction of our statute.

*By the Court.*—The conviction in this case is affirmed.