JOSEPH BROWN, PLAINTIFF IN ERROR, v. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

**Intoxicating Liquors:** DRUGGIST MUST OBTAIN LICENSE TO SELL AT RETAIL. The general law relating to the licensing the sale of intoxicating liquors at retail is general and applies to all persons. No exception is made in favor of those engaged in the sale of drugs and medicines, they being within its operation.

ERROR to the district court for York county.

It was an indictment charging Joseph Brown with having sold to one Cyrus Langworthy one pint of whiskey, without first having obtained a license therefor from the proper authorities.

On the trial before POST, J., it was claimed by the defendant that at or about the time of the selling, the purchaser stated that he wanted the whiskey for medical purposes, and not as a beverage.

This the court held was no defense, and the case is brought to this court to reverse said findings and rulings of the court.

*Scott & Giffen,* for plaintiff in error.

Although the statutes make no exception where it is sold for medicinal, mechanical, or sacramental purposes, the court should make the exception in the proper cases. *Donnell v. The State,* 2 Ind., 658. *State v. Larrimore,* 19 Missouri, 391. The object of the law regulating the sale of spirituous liquors is to restrain their use within proper bounds when used as a beverage. Even under our statute, which makes the selling without license a misdemeanor, the statute makes a distinction between sales as a beverage and where it is sold for medicinal, sacramental, or mechanical pur-

poses, thus clearly recognizing the distinction which we desire to impress upon the court; for a suit is permitted to be entertained for the recovery of liquor bills where it is sold for medicinal, sacramental, or mechanical purposes, while it is prohibited in all other instances. Gen. Stat., 854, Sec. 580. At common law the sale of liquor is not unlawful; nor is the seller liable for the improper use of the article sold; at all events, not unless he sell it with a knowledge that it is purchased with intent to be applied to such improper use. *Strubble v. Nodwift*, 11 Ind., 64. Now, as the license fee is only required in the exercise of the police power of the state, it seems to us that only where the whiskey is to be used in the manner which would occasion the trouble intended to be guarded against by the state in the exercise of that power can the law be violated by the sale of the whiskey; certainly, where it is to be used for a laudable and necessary purpose, the state should not exercise its police power by requiring a license from one who sells wholly for that purpose; nor punish him if he sell without license when it is made satisfactorily to appear that it was sold to be applied to a legitimate purpose.

C. J. *Dilworth*, Attorney General, for the State, cited *State v. Downer*, 21 Wis., 227. *State v. Gummer*, 22 Id., 444. *Hoocker v. People*, 9 Central Law Journal, 1.

LAKE, J.

The question brought here by this record for decision is, whether a druggist is within the operation of our general license law; in other words, whether a person engaged in the business of selling drugs and medicines is at liberty to retail intoxicating liquors without first procuring the ordinary license to do so?

The statute by which we must be governed in the

decision of this question after providing for licensing the vending of such liquors at retail, and how and from whom the license may be obtained, further provides as follows: "Any person who shall vend, or retail, or, for the purpose of avoiding the provisions of this chapter, give away, upon any pretext, malt, spirituous, or vinous liquors, or any intoxicating drink, without having first complied with the provisions of this chapter and obtained a license as herein set forth, shall for each offense be deemed guilty of a misdemeanor," etc. Gen. Stat., 854.

This language is general, and comprehends all persons whomsoever, no matter what their particular calling or business may happen to be. None are exempted from its operation. It applies to him who deals in drugs just as clearly as it does to the keeper of a boarding house, a saloon, a restaurant, or a hotel. The legislature not having signified their intention to make an exception in favor of the defendant's business, the courts certainly cannot do so.

The ruling of the district court having been in conformity with these views, its judgment must be affirmed.

JUDGMENT AFFIRMED.