No. 9159.

### ELROD v. THE STATE.

CRIMINAL LAW.—*Intoxicating Liquor.*—*Sale for Medicinal Purposes on Prescription.*—A sale of intoxicating liquor on the prescription of a physician, for medicinal purposes, is not a violation of the statute requiring a license to sell such liquor.

EVIDENCE.—*Primary and Secondary.*—*Waiver.*—Where a witness testifies without objection to the general character and contents of a written instrument, the production in evidence of the instrument itself is thereby waived.

From the Orange Circuit Court.

*W. Farrell* and *N. Noblitt,* for appellant.

*D. P. Baldwin,* Attorney General, *M. S. Mavity* and *W. W. Thornton,* for the State.

NIBLACK, C. J.—The indictment in this case charged James R. Elrod, the appellant, with having sold intoxicating liquor, in a less quantity than a quart, to one William H. Pickler, without a license authorizing him to make such a sale.

The testimony of Pickler, the prosecuting witness, in a slightly condensed and, to some extent, a transposed form, may be stated as follows: "I live in the town of Orleans, in Orange county, in the State of Indiana; I know the defendant, James R. Elrod; he keeps a drug store in the same town of Orleans; about the 10th day of May, 1879, I bought from the defendant, at his drug store, in that town, and in Orange county aforesaid, a pint or a half-pint of intoxicating liquor; I do not remember the precise quantity; if I bought a pint, I paid him fifty cents for it; if I bought only a half-pint, I paid him twenty-five cents for it; before making the purchase, I went to Dr. Pitts, a regular practicing physician, residing in Orleans, and told him I wanted a prescription to Elrod's drug store, to enable me to buy some whiskey to make camphor with, to keep in my house, and obtained from him a written prescription for the liquor for medical pur-

Elrod *v.* The State.

poses ; I took that prescription to the defendant, at his drug store, and gave it to him ; when I gave him the prescription, he took it and asked me no questions, and I made no statement to him about what I wanted the liquor for ; I did not obtain the prescription from Dr. Pitts, in pursuance of any combination or agreement with the defendant ; Dr. Pitts was a practicing physician at Orleans at the time I obtained the prescription from him ; I used a part of the liquor to make spirits of camphor, and a part of it for other purposes ; the defendant had, before that time, refused to sell me liquor without a prescription from a physician.''

This was all the evidence given in the cause. At the conclusion of the evidence counsel for the defendant, in answer to a question from the court, said they had the prescription, but no effort was made by them to introduce the prescription in evidence. Upon this evidence the court found the defendant guilty as charged, and assessed a fine of twenty dollars against him. After overruling a motion for a new trial, the court rendered judgment in accordance with the finding.

The only question discussed here is the sufficiency of the evidence to sustain the finding of the court below.

Counsel for the State contend that, as the prescription was not put in evidence, there was nothing properly before the court showing that the liquor was sold on a prescription, and that hence the finding was right on the evidence. But we are unable to give the construction to the evidence, contended for. The prosecuting witness was permitted to testify, without objection, to his procurement of the prescription, as well as to its general character and contents. That, under the well recognized rules of evidence, dispensed with the production of the prescription itself.

The evidence, which was before the court, made it appear that the whiskey was sold upon the prescription of a physician, for what fairly purported to be a medicinal purpose,

The Indianapolis and Vincennes R. R. Co. *v.* McCaffery *et al.*

and in the due course of the business in which the appellant was at the time engaged. Nothing was shown tending to attack the good faith of the transaction on the part of the appellant.

As this court has heretofore decided, such a sale was not in violation of any law in force at the time the sale testified to in this case was made, and did not, therefore, constitute a criminal offence. *Ball* v. *The State*, 50 Ind. 595 ; *Hooper* v. *The State*, 56 Ind. 153.

The law then and still in force, requiring persons to have a license to enable them to sell intoxicating liquor in a less quantity than a quart at a time has reference to a class of sales different from the one described by the prosecuting. witness in the case at bar.

We are consequently of the opinion that the finding of the court below was not sustained by the evidence.

The judgment is reversed, and the cause remanded for further proceedings.