## STATE OF ARKANSAS, VS. BUTCHER.

LIQUOR : *Indictment for selling*:

An indictment for selling liquor without license need not charge that the defendant was a liquor dealer. No one can sell without license whatever his calling may be.

APPEAL from *Nevada* Circuit Court.

HON. C. E. MITCHELL, Circuit Judge.

*C. B. Moore, Att'y Gen'l,* for appellant.

1. The act prohibits *liquor dealers,* and everybody else, from selling without license.

2. If appellee had *no license* as charged, he had neither *State* nor *county license.* If he had only one, either State or County, he was guilty if he sold whisky; if he had both, he was innocent, and it devolved on him to prove the fact. The indictment was good.

ENGLISH, C. J. The indictment charges "that John M. Butcher, on the 1st day of January, 1882, with force and arms, in the county of Nevada, &c., unlawfully did sell ardent spirits commonly called whisky, to one Dock Green, in quantities less than one quart, without first procuring a license from the County Court of Nevada county, to exercise such privilege, contrary to the form of the statute and against the peace and dignity of the State, &c."

State of Arkansas v. Butcher.

Defendant demurred to the indictment on the following grounds:

1. "It does not charge that defendant was a liquor dealer at the time it was alleged that he committed the offense charged in the indictment."

2. "It does not allege what license it was, whether State or county that defendant failed to procure.

3. "Does not state facts sufficient to constitute a public offense."

The Court sustained the demurrer, discharged defendant and the State appealed.

I. The Act of March 8th, 1879, (Acts of 1879, p. 33), under which appellee was indicted, makes it unlawful, and an indictable offense, for any person to sell liquors, (except manufacturers, who may sell in original packages of not less than five gallons) without procuring license from the County Court; *Secs.* 1, 5.

" No matter what the occupation of the seller may be, whether a liquor dealer or not, he cannot sell without license. Thus in *Woods v. the State*, 36 *Ark.*, 36; it was held that a druggist was indictable for selling whiskey without license.

II. The statute requires the seller to procure but one license for selling at one place, for which he is required to pay the sum of $200, &c., one-half thereof for the use of the county, and one-half for the use of the State; *Secs.* 3, 4, 11. He is not required to procure a State license and a county license. He can procure no license without paying the sum required for the use of the State and county. The indictment alleges that appellee sold whisky without procuring a license from the County Court, &c., which was sufficient.

III. There is nothing in the general assignment; the indictment did state facts sufficient to constitute a public offense.

The judgment must be reversed, and the cause remanded to the Court below, with instructions to overrule the demurrer to the indictment and require appellee to plead to it.