THE STATE v. BISSELL ET AL.

1. Intoxicating Liquors: SALE BY PHARMACISTS WITHOUT PERMIT NOT AUTHORIZED BY STATUTE. If section 8 of chapter 75, Laws of 1880, had the effect to repeal the provisions of the Code forbidding apothecaries, as well as other persons, to sell intoxicating liquors without a permit, chapter 143, Laws of 1834, repeals said section 8, and enacts a general prohibitory law, without exceptions in favor of pharmacists; and the result is that licensed pharmacists may not, under existing legislation, (December, 1885,) sell intoxicating liquors without a permit.

*Appeal from Harrison District Court.*

MONDAY, DECEMBER 14.

THE defendants were jointly indicted and convicted for maintaining a nuisance by keeping a place for the sale of intoxicating liquors, contrary to law. They now appeal to this court.

*Lehman & Park*, *L. R. Bolter* and *Charles McKinzie*, for appellant.

*A. J. Baker*, *Attorney-general*, and *Baylies & Baylies*, for the State.

BECK, CH. J.—I. The facts of the case are not in dispute, and may be briefly stated. The defendants are druggists, and, without a permit from the board of supervisors, sold intoxicating liquors for medical purposes since the fifteenth day of October, 1884. The question for our determination is this: Under the statute now in force, may a druggist, holding a certificate from the state board of pharmacy, authorizing him to engage in the pursuit of an apothecary, lawfully sell intoxicating liquors for medical purposes without a permit?

II. Under the law forbidding the traffic in intoxicating liquors, as found in the Code, all sales of such liquors, except those made by persons holding a permit from the board of supervisors to sell for medical and other lawful purposes, are forbidden. It is insisted by defendant's counsel that section 8 of chapter 75, Acts of the Eighteenth General Assembly, amends and modifies the prior legislation so far as to authorize apothecaries, duly registered under the act, to sell intoxicating liquors for medical purposes, without the permit required of other persons. Counsel for the state deny this position. For the purposes of this case the position may be admitted, as our opinion is based upon the ground that if section 8, Chap. 75, Acts of the Eighteenth General Assembly, has the effect claimed, it is repealed by the subsequent acts of the Twentieth General Assembly, (chapter 143,) which substantially re-enacts the provision of the Code without any exception in favor of apothecaries.

III. The case, briefly stated, is this: Under the Code apothecaries were forbidden to sell intoxicating liquors without a permit. Chapter 75, Acts Eighteenth General Assem-

bly, amends or modifies the prior statute, and excepts apothecaries from the existing prohibition. Chapter 143 of the Acts of the Twentieth General Assembly repeals the provision of the Code providing a penalty for selling intoxicating liquors without a permit, and enacts a prohibition in almost the language of the prior statute, providing an increased penalty for the violation of the law. It thus appears that a statute, to which, by subsequent legislation, an exception was made, was repealed and re-enacted, without providing for the exception. The last statute is inconsistent with the one making the exception, and repeals it by implication. The last expression of the legislative will must prevail. That it was the purpose of the general assembly not to continue the exception of the pharmacy act, or, in other words, to repeal the provision containing that exception, is established beyond controversy by the fact that the last act is utterly inconsistent with the prior pharmacy statute. It contains a prohibition against all persons. . The pharmacy act excepts apothecaries. It is the last statute, and must prevail. These conclusions are based upon familiar principles which will be everywhere recognized without the citation of authorities in their support. No question of the construction of the statute is in the case, as counsel of defendants seem to think and argue. The controlling question involves the fact of the repeal of the provision of the pharmacy statute in question. We are to go no further than to determine whether that provision is repealed by the later statute, in which we find a general prohibition in conflict with that provision. Both statutes cannot be upheld as to the subject involved in this suit. The first must give way to the second.

IV. Counsel for defendant call in question a statute passed by the Nineteenth General Assembly, repealing the provision of the pharmacy law considered in this case, and insist that it never took effect. . It was not signed by the governor, and is not printed with the other statutes passed by that general assembly. Counsel for the state do not attempt to support

the statute, but admit that it never became operative. We are not required to give the statute consideration in view of the ground upon which we decide this case. We are not permitted to consider the policy of the statute in question, or inquire as to its effect. We can do nothing more than inquire whether there is a conflict between the statutes in question, and which one, under the rules of the law, must stand. Counsel for defendant express our duty in the following language so clearly and forcibly that it merits quotation and approval: "Not, however, according to the desire of any man or set of men is the law to be construed. Who may be hindered, who may be helped, is not the question here; not what should be, but what is, the law." The judgment of the district court is

AFFIRMED.