## THE STATE v. PRICE.

1. **Liquor Nuisance**: INDICTMENT. The indictment in this case charged that defendant did unlawfully establish, keep, use and maintain a certain building and place in which he owned and kept intoxicating liquors, to-wit: * * * with intent to sell and give the same away contrary to and in violation of the laws of Iowa, and did at the aforesaid times and place so unlawfully sell and give away such intoxicating liquors. *Held* that this sufficiently charged the *keeping of the place* in which the forbidden acts were done, and therefore was a good indictment for nuisance. [REED, J., not concurring.]

2. ———: INSTRUCTION: ERROR WITHOUT PREJUDICE. The court instructed the jury that "any person who, without a permit, sells intoxicating liquors in a building or place, or keeps intoxicating liquors in such place with intent to sell the same, is guilty of a nuisance." *Held* inaccurate, because the crime of nuisance consists in *keeping the place* where the liquors are unlawfully kept and sold, and not in the unlawful keeping and selling of the liquors; but that it was without prejudice, because, in view of the evidence and the other instructions, the jury could not have been misled by it.

3. ———: ———: PARTIAL STATEMENT OF LAW. An instruction given in this case did not correctly state the law as applied to the main issue in the case, but it was given to warn the jury against a misapprehension which was likely to arise from a claim urged by defendant on the trial, and it was well adapted to that purpose. *Held* that, since the jury could not have misunderstood its special purpose, and could not have been misled by it, it was no ground for complaint on appeal.

4. ———: PHARMACIST: EXCESSIVE FINE. In this case a registered pharmacist with a permit to sell intoxicating liquors was found guilty of a nuisance, and was fined four hundred dollars. He now insists that this fine is excessive, on the ground that his violation of the law was committed solely through a mistake as to its meaning. But it appearing from the record that the court below was warranted in finding that the defendant had violated the spirit as well as the letter of the law, *held* that the fine was not excessive.

*Appeal from Howard District Court.*—HON. C. T. GRANGER, Judge.

FILED, SEPTEMBER 10, 1888.

THE defendant was convicted of the crime of nuisance, and he appeals from the judgment pronounced against him.

*John McCook* and *Cyrus Wellington*, for appellant.

*A. J. Baker*, Attorney General, for the State.

REED, J.—I.  Omitting its merely formal parts, the indictment is as follows: "The grand jury  *  *  * do aver, find and present that H. C. Price, at and within said county, on or about the first day of April, A. D. 1887, and prior thereto, in said Howard county, and to-wit, in the town of Cresco therein, did unlawfully establish, keep, use and maintain a certain building and place in which he owned and kept intoxicating liquors, to-wit:  *  *  * with intent to sell and give the same away, contrary and in violation of the laws of Iowa, and did at the aforesaid times and place so unlawfully sell and give away such intoxicating liquors, and so permitted the same to be sold and given away at such place.  *  *  *" Defendant moved in arrest of judgment on the ground that the facts charged in the indictment do not constitute an indictable offense.  The point urged is, that the language of the indictment charged only that defendant kept intoxicating liquors with intent to sell the same contrary to law, and that he sold such liquors contrary to law, neither of which is an indictable offense, but is triable on information before a justice of the peace. A majority of the court are of opinion, however, that the indictment charges with sufficient explicitness that defendant established, kept, used and maintained a building and place in which he kept intoxicating liquors with intent to sell the same contrary to law, and in which he sold such liquors contrary to law.  I do not concur in that opinion.  In my judgment the words "establish, keep, use and maintain a certain building and place," as used in the indictment, are meaningless. While the rule established by the statute as to criminal

*Margin note:* 1. Liquor nuisance: indictment.

pleadings is liberal, the essential requisites of an indictment have not been dispensed with. The facts constituting the offense must be stated in ordinary and concise language. Code, sec. 4296. The language in question is not concise. Neither is it that ordinarily used to express the thought intended.

II. The district court gave the following instruction: "Under the law of this state, any person who, without a permit, sells intoxicating liquors in a building or place, or keeps intoxicating liquors in such place with intent to sell the same, is guilty of a nuisance." It must be admitted that this instruction standing alone does not state the law with accuracy. The crime of nuisance consists in the keeping of a building or place in which intoxicating liquors are kept with unlawful intent, or are sold for unlawful purposes. Code, sec. 1543. It is the keeping of the place in which the forbidden acts are done, rather than the doing of these acts, which constitutes the offense, and if one were to do those acts in a building or place which he was in no manner engaged or concerned in keeping, while he would be responsible for the acts in so far as they are criminal, he would not be responsible for keeping or maintaining the place. But defendant was in no manner prejudiced by the instruction. The evidence shows, without any conflict or doubt, that he was the proprietor of a drug-store, and the sales of liquor made by him were all shown to have been in his place of business, and there is where he kept the liquors. In addition to this, the jury were told in another instruction that they could not convict unless the evidence showed that the sales were made or the liquors were kept in a building or place kept and controlled by defendant. The jury could not have been misled by the instruction complained of. We are not at liberty to reverse because of an erroneous or inaccurate instruction when no possible prejudice could have resulted from it. Code, sec. 4538.

III. The court gave the following instruction: "If you should find that the defendant did actually keep

3. ——: ——:
partial state-
ment of law.

intoxicating liquors with intent to sell, or did actually sell intoxicating liquors in the year 1885, the fact that he believed that he had the right to sell, or that he acted with an honest purpose, cannot avail to defeat a verdict at your hands. The question with you is, did he actually sell or keep with intent to sell, or both? The question of an honest purpose may avail him at the hands of the court in fixing a punishment if he is convicted, but it is not a question for you." The objection urged against this instruction is, that it also directs the jury to convict upon evidence alone of unlawful sales of intoxicating liquors, of the keeping of such liquors with unlawful intent. But the purpose of the instruction is very apparent. Defendant was a registered pharmacist during the time covered by the indictment. At that time it was a question which had not finally been determined in the courts whether under the law the registered pharmacist might sell intoxicating liquors for medicinal purposes without having obtained a permit from the board of supervisors. The question was decided by this court in December, 1885 ( *State v. Bissell*, 67 Iowa, 616 ), and we held that sales under such circumstances were unlawful. It was urged that, as defendant may have acted in the honest belief that he was authorized by law to make the sales, he ought not to be convicted, and the instruction was given with a view of enlightening the jury on that question. They were directed that while the court might consider those facts, if they were proven, in determining what penalty should be imposed, they could not consider them in determining the question of defendant's guilt. That is the full purport of the instruction, and the jury must have so understood it.

IV. The judgment imposed a fine of four hundred dollars. It was urged that the punishment is excessive and we are asked to reduce it. If it clearly appeared that the liquors sold by defendant were sold for the actual "necessities of medicines," and that he was simply mistaken as to the law, and acted under that mistake, we might be dis-

4. ——: phar-
macist: exces-
sive fine.

posed to modify the judgment in respect to the amount of the fine. But that is not shown. The court below was warranted in finding that, while the forms prescribed by the commissioners of pharmacy were complied with, the liquors in many cases of sales were intended to be used as a beverage, and that that fact was known to defendant. The man who, while openly pretending to conform to the law, secretly disregards its spirit and purposes, is no less guilty of a crime than is the one who purposely disregards its commands. The case is not one demanding any interference by this court with the punishment imposed by the judgment of the trial court.

AFFIRMED.