## [No 3780.]
## CHIPMAN v. THE PEOPLE.

1. INTOXICATING LIQUORS—SALE WITHOUT LICENSE—MEDICINAL PURPOSES.

In a prosecution for selling intoxicating liquors without license, the fact that the liquor was sold for medicinal purposes is no defense.

2. SAME—PERMITS.

Our statutes confer upon towns and cities authority to grant permits to druggists for the sale of liquor for medicinal and certain other purposes. Without such permit, a legal license is an essential condition to the right to sell liquor for any purpose.

3. EVIDENCE.

In a prosecution for the sale of liquor without license, the intent of the party selling is immaterial; it is therefore error to admit evidence of other sales to show the intent with which the sale in question was made.

4. INSTRUCTIONS.

Where no exceptions are taken to the giving of instructions, they will not be reviewed on appeal.

*Error to the District Court of Logan County.*

Messrs. ALLEN & WEBSTER, for plaintiff in error.

ATTORNEY GENERAL BYRON L. CARR and Mr. CALVIN E. REED, for defendant in error.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

To a judgment imposed under a conviction for selling, without a legal license, liquor in less quantity than one gallon, the defendant brings his case here by writ of error. The prosecution is founded upon an act of the general assembly prohibiting such sale, found at page 259 of the Session Laws of 1891 (3 Mills' Ann Stats. sec. 1346). It provides that "Every person, not having a legal license therefor, who shall barter, sell, exchange, or otherwise dispose of, * * * liquors in less quantity than one gallon, * * * shall be deemed guilty of a misdemeanor, and, on conviction thereof, be punished," etc.

The district court proceeded upon the theory that if the sale was, in good faith, made by the defendant for medicinal purposes, that fact constituted a defense. So, when, upon the production of its case, the People elicited from the prosecuting witness that he bought the liquor for medicinal purposes, the court permitted the district attorney, without being advised (so far as the record discloses) that the defendant would insist upon such fact as a defense, to call witnesses in chief who, against the defendant's objections, were allowed to testify to divers sales made by the defendant to other persons at different times, avowedly for the purpose of showing the intent with which the sale in question was made.

There are decisions under somewhat similar statutes that sales by a druggist for medicinal purposes are not within the mischief aimed at. See *State v. Wray*, 72 N. C. 253; *Ball v. State*, 50 Ind. 595; *Nixon v. State*, 76 Ind. 524; Black on Intoxicating Liquors, § 206 and cases cited; *State v. Mitchell*, 28 Mo. 562; *Elrod v. State*, 72 Ind. 292.

The great weight of authority, however, is opposed to this view, and the general and better doctrine is that, unless there is an express exception in the statute to the contrary, and especially where permits therefor may be granted to druggists, such sales are within its provisions, if no license is procured. The following authorities are to this effect: *Woods v. State*, 36 Ark. 36; *Flower v. State*, 39 Ark. 209; *Chew v. State*, 43 Ark. 361; *State v. Butcher*, 40 Ark. 362; *Wright v. People*, 101 Ill. 126; *Noecker v. People*, 91 Ill. 494; *Brown v. State*, 9 Neb. 189; *State v. Gummer*, 22 Wis. 441; *State v. Downer*, 21 Wis. 277; *State v. Bissell et al.*, 67 Ia. 616; *State v. Gray*, 61 Conn. 39; *City of Salina v. Seitz*, 16 Kan. 143; *King v. State*, 66 Miss. 502; *Carl v. State*, 89 Ala. 93; *Carson v. State*, 69 Ala. 235; *Commonwealth v. Hallett*, 103 Mass. 452; *Commonwealth v. Ramsdell*, 130 Mass. 68; *State v. Brown*, 31 Me. 522.

An examination of the legislation of this state upon the regulation of the liquor traffic, in which, *inter alia*, it appears that authority is conferred by the general assembly upon towns and cities to grant permits to druggists for the sale of liquor for medicinal, and certain other, purposes only,—showing, as it does, that without such permission the right to sell does not exist,—satisfies us that, under our laws, a legal license is an essential condition to the right of any one to sell liquor for any purpose. Gen. Stats. 1883, sec. 3312, subdivision 18, as amended by Session Laws, 1895, p. 221 (3 Mills' Ann. Stats. sec. 4403).

This being our conclusion, it is apparent that evidence of independent sales was improper. True it is, that, in a proper case, evidence of offenses other than the one charged, and of similar character, may be admitted as tending to throw light upon the intent with which the defendant did the act for which he is on trial, provided the same is followed by clear and explicit instructions of the court to the jury limiting such evidence to that purpose only, and instructing them not to consider it for any other purpose whatever. *Housh v. The People*, *ante*, p. 262 (50 Pac. Rep. 1036). But we have

just held that, under our statute above quoted, a sale by any person without a legal license therefor is unlawful. The purpose for which, or the intent with which, the sale in question is made is not important. The mere doing of the prohibited act constitutes the offense, and the specific intent with which such act is done is immaterial. The admission of evidence of other similar offenses, therefore, could not have been otherwise than prejudicial to the defendant, and we cannot say that such incompetent evidence did not contribute to the verdict.

The attorney general concedes that, if a sale for medicinal purposes is no defense, evidence of other sales was incompetent, and not responsive to any issue in the case, and its admission erroneous. But he strenuously contends that it was error without prejudice, because the sale was proven by other competent evidence. This assumes, however, that the jury would have so found, had this improper evidence not been received. But the defendant did not admit the sale, and the jury might not have found him guilty thereof upon the sole testimony of the prosecuting witness. Indeed, we are of the opinion that this evidence of other and independent transactions,—especially as its purpose seems not to have been properly limited by the court, and which from the record we find to be much more satisfactory and explicit than the proof of the sale in question,—was more controlling with the jury than the legitimate evidence in the case. This error we deem prejudicial to defendant.

Error is assigned to the giving of certain instructions, but we cannot consider this assignment, as no exception to the giving thereof was taken, and a review should not, in such circumstances, be had. *Noble v. The People*, 23 Colo. 9. Besides, the errors in the instructions, if any, were made by the court in applying its mistaken notion of the supposed defense which we have just considered, and our disposition of that question will probably prevent a repetition of the alleged errors in instructions, in case of a new trial.

Another assignment of error is directed to the use of the

conjunction "and" instead of "or" in the information. This objection is the same as that made in *Pettit v. The People, ante*, p. 517, and was there held not tenable.

For the error of the court in admitting improper evidence, the judgment is reversed, and the case remanded for a new trial.

*Reversed.*