## PARKER *v*. THE STATE.

[No. 5,036.   Filed November 20, 1903.]

INTOXICATING LIQUORS. — *Sale by Druggist.* — *Compound Containing Whiskey.* — Where a druggist without license to sell intoxicating liquors, and without a prescription from a physician, sold a compound consisting of whiskey and gum guiacum to be used, and which was used, by the purchaser as a remedy for rheumatism, the sale was not in violation of §7276 Burns 1901, making unlawful the sale of intoxicating liquors without license.

From Sullivan Circuit Court; *O. B. Harris*, Judge.

John J. Parker was convicted on a charge of selling intoxicating liquors without a license, and appeals. *Reversed.*

*J. W. Lindley*, for appellant.

*C. W. Miller*, Attorney-General, *C. C. Hadley*, *W. C. Geake* and *L. G. Rothschild*, for the State.

COMSTOCK, P. J.—Appellant was convicted by the circuit court of Sullivan county of selling one-half pint of whiskey without having license to sell intoxicating liquors under the statute. The prosecution was based upon §7276 Burns 1901, §5312 Horner 1901.

Appellant assigns as error the action of the court in overruling his motion for a new trial. The reasons stated

in said motion are, newly discovered evidence; that the decision of the court is not sustained by sufficient evidence; that it is contrary to the evidence; and that it is contrary to law.

There is no conflict in the evidence. It shows the following facts: Appellant is a regular practicing physician and a licensed pharmacist, and resides at Merom, Sullivan county, Indiana; he is the owner and proprietor of a drug store at said town; near to Merom one Almarena Daniels, an old lady, lives, who is afflicted with rheumatism; and the name of the physician who waits on her is Dr. Myles; Dr. Myles had prescribed whiskey and gum guiacum to be used by Mrs. Daniels as a remedy for her rheumatism; the mixture of whiskey and gum guiacum recommended by Dr. Myles for use of Mrs. Daniels was to be composed of two ounces of gum guiacum to four ounces of whiskey; she often purchased said mixture and compound of appellant; this mixture is a powerful remedy for rheumatism; it must be taken one teaspoonful in milk; if more than that amount is taken, or if it is not taken in milk, it produces extreme sickness and congestion of the stomach; Mrs. Daniels had a son, David Daniels, who is the prosecuting and only witness in the case; on the 10th day of August, 1902, she sent her son to the drug store of appellant to buy a bottle of the mixture of whiskey and gum guiacum for her; David Daniels bought of appellant a six-ounce vial of said mixture, there being two ounces of gum and four ounces of whiskey in the bottle; appellant knew that said David Daniels was buying said mixture for his said mother at the time he sold it to him; appellant powdered two ounces of the gum, and placed it in the bottle, and then poured four ounces of whiskey on the gum, and thoroughly shook the mixture, and gave it to said David; at the time appellant sold and delivered said mixture and compound to the prosecuting witness the particles of gum guiacum were thoroughly

mixed with the whiskey, and could not be drunk as a beverage; Daniels immediately took said compound of whiskey and gum home, and delivered it to his mother; he bought said mixture in good faith to be used by his mother, and for her; he did not buy said mixture to be drunk as a beverage, and he did not drink any of it; when delivered by appellant to said David Daniels, it would take a few days for the whiskey thoroughly to dissolve the gum, and if the mixture were allowed to stand for a short time the particles of gum would sink to the bottom, and some of the whiskey might be poured off and drunk as a beverage; after the mixture was allowed to stand for a few days, the whiskey would thoroughly dissolve the gum, and the mixture could not be drunk at all, and could only be taken in milk; the mixture could not be drunk as a beverage at all if the mixture was shaken; Mrs. Daniels, mother of the prosecuting witness, had often purchased said mixture of appellant before that time to be used as medicine; Daniels had no prescription upon which he purchased said mixture of appellant.

Section 7276 Burns 1894 was amended in 1897 (Acts 1897, p. 253). The section before the amendment was as follows: "It shall be unlawful for any person, directly or indirectly, to sell, barter or give away, for any purpose of gain, any spirituous, vinous or malt liquor, in a less quantity than a quart at a time, without first procuring, from the board of commissioners of the county in which such liquor is to be sold, a license as hereinafter provided; nor shall any person, without having first procured such license, sell or barter any intoxicating liquor to be drunk, or suffer to be drunk in his house, outhouse, yard, garden or the appurtenances thereto belonging." By the amendment the sale of less than five gallons at a time was forbidden. The amendment made no other changes. The construction, therefore, given to the statute prior to the amendment must control.

Criminal statutes are not always strictly construed. In *Hooper* v. *State,* 56 Ind. 153, in which the defendant was indicted for the unlawful sale of intoxicating liquor, the court, on page 156, say: "It is true that the act of March 17, 1875 (1 R. S. 1876, p. 869), to regulate and license the sale of intoxicating liquors, - contains no exceptions, authorizing sales for medicinal or sacramental purposes. But it has been repeatedly held by this court, in construing similar statutes, that the courts will except, from the prohibition of the statute, *bona fide* sales for medicinal purposes. *Donnell* v. *State,* 2 Ind. 658; *Thomasson* v. *State,* 15 Ind. 449; *Jakes* v. *State,* 42 Ind. 473; *Ball* v. *State,* 50 Ind. 595.

In *Jakes* v. *State, supra,* the defendant was a druggist, and as such sold to the prosecuting witness one pint of whiskey. The witness testified that the whiskey was bought for medical purposes, and was so used. When called for, the appellant inquired for what purpose it was wanted, and was informed that it was wanted for medicinal purposes. It was held that the conviction could not be maintained, citing *Donnell* v. *State, supra; Thomasson* v. *State, supra.* See, also, *Elrod* v. *State,* 72 Ind. 292; *Nixon* v. *State,* 76 Ind. 524.

The term intoxicating liquors is defined by the statute (§7277 Burns 1901, §5313 Horner 1901) as any intoxicating liquor which is used or may be used as a beverage. The fact that when it stood for a time the whiskey might have been separated from the other ingredient of the mixture does not make the sale unlawful. The combination was sold as a medicine, and so taken. The good faith of the parties to the transaction is apparent and unquestioned. These facts bring the case within the foregoing decisions. The evidence is not sufficient.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.