[No. 5348.]
[No. 2996 C. A.]

RICE v. THE PEOPLE.

1. **Practice in Criminal Cases—Cities and Towns—Ordinances—Violation—Intoxicating Liquors—Evidence—Sufficiency.**

   In a prosecution under an ordinance prohibiting the sale of intoxicating liquors within the corporate limits of the town, evidence reviewed and held sufficient to sustain a conviction.—P. 380.

2. **Same — Appellate Practice — Evidence — Ruling — Harmless Error.**

   On a trial for the violation of a town ordinance, under a complaint in five counts, each count charging that on or about a designated month, to wit, a day certain in said month, the defendant violated, etc., the court ruled that evidence would be admitted to show all violations in each of the months designated, but that it would confine the jury to one violation in each month. Held, that, since the evidence was confined to the allegations of the complaint, if there was error in such ruling, it was without prejudice to defendant.—P. 381.

3. **Same—Motion for New Trial—Grounds—Surprise.**

After conviction for the violation of a town ordinance, the defendant moved for a new trial on the ground of surprise at the testimony of people's witness. It was shown by affidavits that an incident, by which the witness testified he fixed the date of the sale, did not occur on the alleged date, which affidavits were opposed by one made by the witness satisfactorily correct-ing the error made. The defendant did not testify at the trial, and no showing was made that he would testify at a new trial, that the sale was not made at date testified to by the witness. Held, that the motion for a new trial was properly overruled. —P. 381.

4. **Same—Verdict—Form—Objection First Made on Appeal.**

In a prosecution for five separate violations of a town ordinance, an objection to a verdict of guilty on the ground that there should have been five separate findings, goes to the form of the verdict and cannot be urged for the first time on appeal. —P. 382.

*Appeal from the District Court of Rio Grande County.*

*Hon. Charles C. Holbrook, Judge.*

Isaac W. Rice was convicted of the violation of an ordinance prohibiting the sale of intoxicating liquors within the corporate limits of the town of Monte Vista, and he appeals.          *Affirmed.*

Mr. JAMES P. VEERKAMP, for appellant.

Mr. IRA J. BLOOMFIELD, for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

This was an action by the people against appellant for the violation of an ordinance of the town of Monte Vista involving the sale of intoxicating liquors within the corporate limits of the town.

From a judgment imposing a fine of $50.00 and costs, appellant appealed to the court of appeals.

The complaint is in five counts, alleging five violations of an ordinance in the following language:

"That the defendant did, at the county and state aforesaid, on or about the month of June, to wit, on the 18th day of June, A. D. 1902, violate section one of an ordinance of the town of Monte Vista in the county of Rio Grande and state of Colorado, entitled 'An Ordinance Concerning Intoxicating Liquors,' which said ordinance was passed on the 4th day of May, A. D. 1890, and from thence hath remained and still is in full force and effect, to the damage of the plaintiff of three hundred dollars."

Each count of the complaint alleges a separate violation of the ordinance in the several months of June, July, August, September and October of 1902, on a specified date in each month.

The assignments of error relied upon are:

1.  Admission of improper evidence.
2.  Overruling the motion for a new trial.
3.  The form of the verdict.

1.  Counsel for appellant does not call our attention to the objection or objections to the testimony interposed at the trial upon which the assignments of error are based. An examination of the abstract of the record presented by appellant discloses but one objection ruled by the court and excepted to by counsel. The question to which the objection was interposed was not answered by the witness and seems to have been withdrawn, as we learn from an examination of the transcript.

The ruling of the court upon the objection, which is set forth in full in the abstract, is as follows:

"This case charges five separate violations of the law from the month of June to the month of October inclusive, charging one in each of these several months. The court is going to allow the plaintiff to prove any violation that he may be able to prove in each of these months in which he charges

these several separate violations of the ordinance, but confine the jury in the instructions to one violation in each month, because that is all that is charged.''

Exceptions were saved to this ruling.

It is the contention of appellant that violations of the ordinance on specific days, having been alleged in the complaint, specific days must be proved, and that there is no proof in the record to sustain the charge that the defendant violated the ordinance on the specific days alleged.

The fourth cause of action is:

''That the defendant did   *   *   *   on or about the month of September, to wit, on the 16th day of September, A. D. 1902, violate, etc.''

A witness testified:

''I know of an instance of defendant at his place of business in Monte Vista through his clerk in the month of September, 1902, selling liquor,   *   *   * It was about the middle to the 20th of September. It was whiskey he sold. I tasted the liquor and know what kind of liquor was sold.   *   *   *   I saw the liquor paid for, and helped drink it—and if taken in sufficient quantities I should think it would intoxicate.''

No objection was interposed to the admission of this testimony, which disposes of the contention that the verdict is unsupported by the evidence.

In support of his contention, counsel cites *Chipman v. The People*, 24 Colo. 520.

This case is not in point. The syllabus is:

''In a prosecution for the sale of liquor without license, the intent of the party selling is immaterial; it is therefore error to admit evidence of other sales to show the intent with which the sale in question was made.''

In the case at bar an attempt was made to prove various sales during the several months covered by the different counts in the complaint, not for the purpose of showing the *intent* of the defendant, but for the purpose of proving the offense charged.

If there was error in the above quoted ruling of the court below, it was without prejudice to appellant so far as the evidence discloses, as the testimony set forth in the abstract is confined to the allegations of the complaint.

2.   One of the grounds for the motion for a new trial was the surpise of appellant at the testimony of a witness for appellee, and unpreparedness of appellant to rebut such testimony.

The motion for a new trial was supported by affidavits to the effect, that an incident which fixed the date when an illegal sale was made, did not occur on the date testified to by the witness. These affidavits were met by the affidavit of the witness which satisfactorily corrected the error made in his testimony. Inasmuch as defendant did not testify at the trial, and there was no showing made that he would testify at a new trial, that the sale testified to was not made at the date testified to by the witness, the court did not err in overruling the motion for a new trial.

Other grounds of the motion are not relied upon.

3.   The verdict of the jury was:

"We, the jury impaneled and sworn in this cause, find the defendant guilty and assess the plaintiff's damages at the sum of fifty ($50.00) dollars."

Appellant contends that as there were five separate and distinct causes of action alleged in the complaint, there should have been a separate finding upon each of the separate causes of action. The objection here urged goes to the form of the verdict.

No objection to the form of the verdict was made in the court below and cannot be urged here for the first time.—*Cowell v. Colorado Springs Co.*, 3 Colo. 82.

Perceiving no error in the record, the judgment will be affirmed.                                      *Affirmed.*

Chief Justice Steele and Mr. Justice Caswell concurring.